*642
 
 Day, J.
 

 This is an action brought in this court for a writ of prohibition, and to the petition filed herein the defendant has interposed a demurrer upon the ground that the petition does not state a cause of action against the defendant.
 

 For the purposes of the demurrer, the facts, well pleaded in the petition, must be admitted to be true, and it is therefore necessary to set forth the petition:
 

 Plaintiff says:
 

 “1. That he is a resident of the city of Elyria, Lorain county, Ohio, and is a taxpayer therein; that Myles E. Perry holds the office of coroner in said county and occupied said office at the time of the occurrences hereinafter set forth.
 

 “2. That the power and jurisdiction of said Myles E. Perry as coroner of Lorain county, Ohio, to hold an inquest over the body of a person, are judicial or quasi judicial, and such power and jurisdiction are conferred upon said coroner solely and alone by virtue of Section 2856 of the General Code of Ohio; that the power and jurisdiction incident to the office of coroner are those of a court or tribunal of peculiar, limited, and inferior powers.
 

 “3. That it is provided in General Code, Section 2856, that, where the body of a person whose death is supposed to have been caused by unlawful or suspicious means has been found within the county, the coroner shall thereupon institute proceedings to determine whether said death was caused by violence from any other person or persons; and in no case shall such proceedings be instituted where the cause of death is known unless said coroner, acting in good faith, has reason to
 
 *643
 
 believe that said person came to his death by unlawful or suspicious means.
 

 “4. That on or about the 10th day of October, 1925, one Stanley Harrison, a son of plaintiff herein, died at 110 Furnace street in the city of Elyria, Lorain county, Ohio, of a contagious or' infectious disease known to the medical profession as ‘diphtheria,’ and within 24 hours thereafter, by order of the district board of health, was interred in the Ridge Street Cemetery in said city, all of which said facts are known to be true by said district board of health, the doctor last in attendance on the said Stanley Harrison, and the said coroner.
 

 “5. That the death of the said Stanley Harrison was a natural one and caused by no unlawful or suspicious means, nor by violence from any person or persons whomsoever, all of which facts are known to be true by said district board of health, the doctor last in attendance on the said Stanley Harrison, and the said coroner.
 

 “6. That, notwithstanding the premises, the coroner, arbitrarily and without just cause or reason, threatens to and will unless prohibited by the order of this court, in violation of law and the jurisdiction conferred upon him by law as herein-before alleged, institute proceedings to determine the cause of death of the said Stanley Harrison by causing the body of the said Stanley Harrison to be disinterred and an inquest to be held thereon, which disinterment and said inquest are unlawful, in contravention of the rights of the plaintiff herein to his irreparable damage, and in violation of the right of plaintiff to have the body of said
 
 *644
 
 Stanley Harrison remain undisturbed after burial, all of which will result in injury to plaintiff for which no other adequate remedy exists.
 

 “Wherefore plaintiff prays that a temporary writ of prohibition may issue restraining Myles E. Perry, as coroner of Lorain county, from doing any act or acts of any nature whatsoever to inquire into the cause of death of the said Stanley Harrison until the further order of this court, and that upon a hearing hereof this court may grant a writ of prohibition herein to restrain said coroner from attempting to hold or holding an inquest over the body of said Stanley Harrison.”
 

 The office of coroner is a very ancient one, and is said to be of equal antiquity with that of the sheriff, the two having been ordained together to keep the peace, and the historical development of the office may be traced back practically to the Norman conquest of England. In this state, however, the coroner can only exercise such powers and jurisdiction as are provided by statute. His duties are largely ministerial in character, but certain of them are, nevertheless, in a limited sense quasi judicial.
 

 Among his ministerial duties is the serving of summons upon the sheriff, when the latter is a party to an action, the listing and handling of the effects of deceased persons that come into his possession, and many other duties specified in the statute, which he must perform without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion.
 

 His duties become quasi judicial in character
 
 *645
 
 when he is required to make a finding upon evidence as to whether or not a person whose body is found in the county came to his death by unlawful or suspicious means “and proceed to inquire how the deceased came to his death, whether by violence from any other person or persons, * * * and all circumstances relating thereto.”
 

 The paramount question then is, under the facts averred in the petition, should a writ of prohibition issue restraining the coroner from exercising these quasi judicial powers? In other words, is prohibition the proper remedy for the plaintiff to pursue in the premises?
 

 An answer to this inquiry necessitates a setting forth of the statute under which the coroner claims the right to act.
 

 Section 2856, General Code, as amended by 109 Ohio Laws, page 543, reads:
 

 “When informed that the body of a person whose death is supposed to have been caused by unlawful or suspicious means has been found within the county, the coroner shall appear forthwith at the place where the body is, issue subpoenas for such witnesses as he deems necessary, administer to them the usual oath, and proceed to inquire how the deceased came to his death, whether by violence from any other person or persons, by whom, whether as principals or accessories before or after the fact, and all circumstances relating thereto. The testimony of such witnesses shall1 be reduced to writing, by them respectively subscribed, except when stenographically reported by. the official stenographer of the coroner, and, with the finding and
 
 *646
 
 recognizances hereinafter mentioned, if any, returned by the coroner to the clerk of the court of common pleas of the county. If he deems it necessary, he shall cause such witnesses to enter into recognizance, in such sum as may be proper, for their appearance at the succeeding term of the court of common pleas of the county to give testimony concerning the matter. The coroner may require any and all such witnesses to give security for their attendance, and if they or any of them neglect to comply with his requirements, he shall commit such person to the prison of the county, until discharged by due course of law. A report shall be made from the personal observation of the corpse; statements of relatives, of other persons having adequate knowledge of the facts, and such other sources of information as may be available or by autopsy if such autopsy is authorized by the prosecuting attorney of the county.”
 

 This court, in the case of
 
 State ex rel. Nolan
 
 v.
 
 Clen Dening,
 
 93 Ohio St., 264, 112 N. E., 1029, laid down the following principles relative to the writ of prohibition:
 

 “The writ of prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy.
 

 “The writ may be invoked against inferior courts or inferior tribunals, ministerial or otherwise, that possess incidentally judicial or
 
 quasi
 
 judicial powers, to keep such courts or tribunals within the limits of their own jurisdiction.”
 

 The principle announced in the foregoing case
 
 *647
 
 has been adhered to in
 
 State ex rel. Garrison
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 State ex rel. B. & O. S. W. Rd. Co.
 
 v.
 
 Kelley, Judge,
 
 96 Ohio St., 601, 118 N. E., 1086;
 
 State ex rel. Faber, Recr.,
 
 v.
 
 Jones et al., Judges,
 
 95 Ohio St., 357, 116 N. E., 456;
 
 State ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Judge,
 
 96 Ohio St., 10, 117 N. E., 13, and
 
 State ex rel. Voight
 
 v.
 
 Lueders, Judge,
 
 101 Ohio St., 211, 128 N. E., 70.
 

 Now, the statute under which the defendant proposes to act does not disclose the exact circumstances or information sufficient to authorize him to hold an inquest; his authority is to be exercised within the limits of a sound discretion, and he can hold an inquest only “when informed that the body of a person whose death is supposed to have been caused by unlawful or suspicious means has been found within the county.”
 

 The law, therefore, vests in him a certain discretion to be exercised in an honest and faithful manner to determine for himself whether the necessity for holding an inquest comes within the purview of the language of the statute.
 

 The laws of the various states make different provisions with reference to the circumstances under which an inquest should be held, but the principles controlling are well set forth in 13 Corpus Juris, 1246:
 

 “The general rule under the statutes is that it is the duty of the coroner to hold an inquest whenever there is reasonable ground to believe that a death was caused by violence or other unlawful means; and, of course, where he has abundant
 
 *648
 
 cause to believe that the death was so caused, his duty to act is clear. Under some statutes a coroner may lawfully hold an inquest only on the bodies of such persons as may reasonably be supposed to have died by unlawful means, or where the cause of death is unknown. Conversely, under these statutes, if the cause of death is not doubtful, and there is no reason to suspect that it implicates any person, an inquest should not be held. Thus an inquest is unnecessary where it is quite evident that death has been caused by suicide, by pure accident, by an act of God, by negligence of the deceased, by disease, or by other natural causes.”'
 

 See, also, 6 Ruling Case Law, p. 1167. A collection of statutes and cases sustaining the foregoing statement will be found in 21 L. R. A., 394, and 31 L. R. A., 540.
 

 The sole question then for determination in this case is whether or not, by a writ of prohibition, the exercise of this discretion vested in the coroner can be reviewed, passed upon, and determined in this court, or whether there is not another adequate remedy open to the plaintiff, which it is his duty to pursue.
 

 It is a general principle relative to the extraordinary writ of prohibition that the writ will not issue where there is an adequate remedy at law, or in equity, readily available to the applicant, either by appeal, or writ of error, or any other writ, motion, or proceeding appropriate to the relief, such as injunction, mandamus,
 
 quo warranto,
 
 etc. 32 Cyc., 613; 22 Ruling Case Law, 9;
 
 State ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Judge,
 
 96 Ohio St., 10,
 
 *649
 
 117 N. E., 13;
 
 State ex rel. Faber, Recr.,
 
 v.
 
 Jones et al., Judges,
 
 95 Ohio St., 357, 116 N. E., 456;
 
 State ex rel. Garrison
 
 v.
 
 Brough, supra.
 

 The remedy by injunction restraining an abuse of discretion by public officials is one of the powers of a court of equity often exercised. While the discretion of a public official honestly and judiciously exercised will not be controlled by courts, yet an injunction may be issued in case of the gross abuse of such discretion, when it appears that his discretion is being exercised arbitrarily, on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable.
 

 We are therefore of opinion that if the defendant is about to abuse his discretion within the purview of the above-announced principle, a court of equity has jurisdiction to enjoin, and it is to such a tribunal, that has full and adequate power to grant relief in the premises, that plaintiff must apply for relief, if it be found that plaintiff is entitled thereto.
 

 The writ of prohibition prayed for must therefore be denied upon the sole ground that there exists another adequate remedy for the plaintiff in the premises, to wit, by way of injunction in a court of equity.
 

 As to the necessity for holding any inquest in the light of the conceded facts in this record we express no opinion, but leave the determination of that question to the proper tribunal in the event the defendant should see fit to further press the claimed right to hold an inquest in the premises.
 

 Entertaining these views, it follows that the de
 
 *650
 
 murrer to the petition must be sustained. As an answer filed would raise the same question, and no purpose would be served by disposing of the case otherwise than on its present presentation, we have reached the conclusion that the writ should be denied.
 

 Demurrer sustained, and writ denied.
 

 Marshall, C. J., Jones, Matthias, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.