Matthias, J.
 

 The proceeding which it is sought to have prohibited in this action was one instituted by the board of park commissioners of the Cleveland metropolitan park district for the assessment of compensation for certain land in which the relators have an interest, the appropriation of which was contemplated for park purposes. The action had been fully tried and submitted to a jury, the jury had returned its verdict, and a motion for a new trial was pending whbn this suit was instituted.
 

 The primary question presented by the demurrer to the petition is whether the facts alleged are such as to entitle the relators to a writ of prohibition. The claim of the relators is predicated upon the view that said board of park commissioners cannot lawfully be given or delegated, and does not have or possess the right, power, or authority to levy taxes and therefrom to pay for property appropriated; that said board is, therefore, without authority to maintain such appropriation proceeding. In .short, it is the contention of the relators that Section 2976-10, General Code, conferring upon such board power to levy taxes, is an unconstitutional delegation of the power of taxation, and that, therefore, the means or resourc.es derivable from such source cannot be lawfully used or applied in the appropriation of the relators’ lands by said board. The statement of relators’ proposition at once discloses that they challenge the right, power, and
 
 *126
 
 authority of the board of park commissioners to maintain any action for the appropriation of lands rather than the jurisdiction of the court to entertain such proceeding and to hear and determine the issues presented.
 

 What is the jurisdiction of the court of insolvency relative to such proceedings? It’ is provided ,by Section 1629, General Code, that: ■ • *
 

 “The court of insolvency shall have originaLjarisdiction in all cases, matters and things relating to and arising under the laws now in force or hereafter enacted regulating * * * the appropriation of land for public use.”
 

 The appropriation proceeding' here in question was instituted by the board of park commissioners pursuant to authority vested in such board by the provisions of Section 2976-7, General Code, which authorizes said board to acquire lands on behalf of the park district for the purposes therein stated “by gift or devise, by purchase, or by appropriation.” It is therein specifically provided that:
 

 “In case of appropriation, the proceeding shall be instituted in the name of the board, and shall be-conducted in the manner provided for the appropriation of private property by municipal corporations in so far as such proceedings are applicable.”
 

 No further statement is required to demonstrate that jurisdiction of the subject-matter’ is vested in the court of insolvency. Such court receives its jurisdiction from the Legislature, and the legislative provisions to which we have referred clearly confer jurisdiction in appropriation proceedings, including proceedings for such purpose instituted by the board of park commissioners. It is contended,
 
 *127
 
 however, that the power rests in some tribunal to hear and determine the question whether the board of park commissioners has legal authority to levy taxes, and also to determine whether, if it has not such power, funds will be available from which to pay the award.
 

 It is pertinent to observe that it is not even claimed that the board of park commissioners is attempting to. violate the right guaranteed the owner by the Constitution that his property will not be taken, even for public uses, without compensation.
 

 It has been frequently held, and must be regarded as the settled law of this state, that an action in prohibition cannot be substituted, for a proceeding in error; neither will such action lie if there is any other adequate remedy available. Hence, if the question here raised could have been presented upon error, by action in injunction against the board or otherwise, the relator is not entitled to relief by the extraordinary writ of prohibition.
 
 State ex rel. Carmody
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430, and cases there cited.
 

 It has heretofore been suggested that the power of the board rather than the jurisdiction of the court is challenged in this proceeding. The want of legal authority to provide funds to satisfy the award made for property sought to be appropriated (if that precludes the assessment of compensation) would clearly furnish a ground for injunction against the board of park commissioners to restrain that body from further prosecuting the appropriation proceeding. As was stated in the case of
 
 Pontiac Improvement Co.
 
 v.
 
 Bd. of Commrs. of Metropolitan Park Dist.,
 
 104 Ohio St., 447, 135 N. E., 635,
 
 *128
 
 23 A. L. R., 866, the proposition that injunction will lie to prevent an unwarranted or unauthorized proceeding in appropriation has been conclusively determined by the decisions of this court in P.,
 
 C., C. & St. L. Ry. Co.
 
 v.
 
 City of Greenville,
 
 69 Ohio St., 487, 69 N. E., 976, and
 
 Cleveland & Pittsburgh, Rd. Co.
 
 v.
 
 City of Martins Ferry,
 
 92 Ohio St., 157, 110 N. E., 642.
 

 The
 
 Pontiac Improvement Company case
 
 was one wherein the authority of this same board of park commissioners was challenged, it being claimed that it was without right to appropriate certain interests in real estate, and it was there definitely held that the authority to make such appropriation could be challenged and determined by an action in injunction. Likewise, in the case of
 
 Sargent
 
 v.
 
 City of Cincinnati,
 
 110 Ohio St., 444, 144 N. E., 132, this court held that an action in injunction will lie to prevent the taking of property for waterworks purposes upon the ground that the city, under the terms of the lease, then had the full right to the use of the property, and, hence, was without authority to appropriate the fee-simple title.
 

 The contention that the principle announced in the
 
 Greenville
 
 and
 
 Martins Ferry cases, supra,
 
 is no longer applicable by reason of the fact that they were decided “before the writ of prohibition could be invoked in Ohio as a possible remedy at law in any such case,” or that thereby “injunction has been superseded by prohibition in such circumstances since January 1,1913,” cannot be supported. It has been the consistent holding of this court in numerous cases in which the scope and purpose of the writ of prohibition has been considered that it is a high'
 
 *129
 
 prerogative writ to be used only where there is no other regular, ordinary, or adequate remedy.
 

 It follows that the demurrer to the petition should be sustained.
 

 Writ denied.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.