By the Court.
 

 Counsel for relator contends that, since Sections 1206-2,1206-4 and 1206-6, General Code, refer to “the director,” there is a clear expression contemplating that an application will receive the consideration of the director, that the discretion to be exercised will be that of the director himself and that the mere fact that ministerial duties may be delegated by the director does not imply that he may likewise delegate the exercise of his discretion.
 

 Section 1206-6, General Code, cited by relator, pror vides that an applicant “aggrieved by the decision of the director” may request reconsideration, that the director shall again consider the matter and that if the
 
 *593
 
 applicant is still aggrieved lie may take an appeal to the Court of Common Pleas of Franklin county, upon the grounds of fraud or abuse of discretion by the director.
 

 From the allegations of the petition it is apparent that the applicant is still aggrieved by the decision of the director on October 22, 1943, when he in writing refused to exercise his personal discretion and personally act upon relator’s application. Section 1206-6, General Code, afforded relator a remedy by appeal as heretofore recited.
 

 The extraordinary writ of mandamus will issue only where there is not a plain and adequate remedy in the ordinary course of the law. Section 12287, General Code.
 

 The demurrer to the petition is sustained and relator not desiring to plead further a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.