By the Court.
 

 The Department of Liquor Control, created by Section 6064-2, General Code, consists of the Board of Liquor Control and the Director of Liquor Control.
 

 Under Section 6064-8, General Code, the Department of Liquor Control is empowered to control the traffic in beer and intoxicating liquor in this state and to grant or refuse permits for the sale of beer and intoxicating liquor.
 

 By virtue of Section 6064-7, General Code, the Director of Liquor Control is the executive secretary of the Board of Liquor Control, and, subject only to the powers and duties of the board as set forth in Section 6064-3, General Code, all the powers and duties by the Liquor Control Act vested in or imposed upon the Department of Liquor Control shall be exercised and performed by the director, who shall administer the affairs of the department, excepting as otherwise specified in that act.
 

 Section 6064-3, General Code, provides that the Board of Liquor Control shall have power to consider, hear and determine all appeals authorized by the Liquor Control Act to be taken from any decision, determination or order of the department, and Section 6064-27, General Code, provides that any person deeming himself aggrieved thereby may appeal to the Board of Liquor Control from the action of the department refusing to issue a permit.
 

 Section 6064-3, General Code, provides further that the Board of Liquor Control shall be governed by the provisions of the Administrative Procedure Act in adopting orders relating to the issuance of permits and to the conduct of hearings and reviews thereon.
 

 
 *362
 
 The Administrative Procedure Act, in Section 154-73, General Code, permits any person adversely affected by any order, issued pursuant to an adjudication and denying the issuance of a license, to appeal from the decision of the Board of Liquor Control to the Court of Common Pleas of Franklin county.
 

 The relator in the present proceeding was afforded by law an adequate remedy,
 
 i. e.,
 
 a review of the action of the Director of Liquor Control by an appeal to the Board of Liquor Control and then an appeal to the Court of Common Pleas of Franklin county from an adverse decision of the Board of Liquor Control.
 

 The writ of mandamus “must not be issued in a case where there is a plain and adequate remedy in the'ordinary course of the law.” Section 12287, General Code.
 

 Furthermore, the writ of mandamus will not issue as a substitute for an appeal. 25 Ohio Jurisprudence, 1013, Section 34, citing
 
 Shelby
 
 v.
 
 Hoffman,
 
 7 Ohio St., 450;
 
 State, ex rel. Horvitz Co.,
 
 v.
 
 Sours, Dir.,
 
 142 Ohio St., 591, 53 N. E. (2d), 498;
 
 State, ex rel. Sidell,
 
 v.
 
 Cole, Dir., ante,
 
 203, 70 N. E. (2d), 451.
 

 The demurrer to the petition is sustained and a writ of mandamus is denied.
 

 Writ denied.
 

 Hart and Sohngen, JJ., not participating.
 

 - Weygandt, C. J., Turner, Matthias, Zimmerman and Bell, JJ., concur.