Taft, J.,
concurring. Under the law, as announced in State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, 161 Ohio St., 555, 120 N. E. (2d), 421, and State, ex rel. D. L. Auld Co., Inc., v. Morse et al., Industrial Commission, 161 Ohio St., 561, 120 N. E. (2d), 424, is anyone “prevented,” within the meaning of the last sentence of Section 2 of Article IV of the Ohio Constitution, “from invoking the original jurisdiction of the Supreme Court” in mandamus? Certainly, the law, as announced in those cases, may •require the denial by the Supreme Court of a writ of mandamus requested by a party instituting an original action in mandamus in the Supreme Court. However, if, under the law relating to an action, a party is not entitled to any relief in the action, he is not prevented from invoking the jurisdiction of a court with respect to such action merely because the court denies him the relief which he seeks. For example, a plaintiff may not be entitled to specific performance of a contract for the sale of an ordinary chattel because a court of equity determines that he has an adequate remedy at law. In such an instance, can it be said that he is “prevented * * * from invoking the equity jurisdiction of the court?”
To use the words of Chief Justice Weygandt (State, ex rel. Shively, v. Nicholas, Judge, 151 Ohio St., 179, 181, 84 N. E. [2nd], 918), “it is * * * elementary that to entitle a relator to a writ of mandamus, the record must disclose affirmatively that there is no plain and adequate remedy in the ordinary course of the law, and in the absence of such showing the writ will be denied.” See for example State, ex rel. Bassichis, v. Zangerle, Aud., 126 Ohio St., 118, 184 N. E., 289 (paragraph one of the syllabus); State, ex rel. Phelps, v. *311 Gearhart, Supt., 104 Ohio St., 422, 135 N. E., 606 (paragraph one of the syllabus); State, ex rel. Tax Commission, v. Mills, Aud., 103 Ohio St., 172, 132 N. E., 727 (paragraph one of the syllabus); State, ex rel. Stanley, v. Cook, Supt., 146 Ohio St., 348, 66 N. E. (2d), 207 (paragraph three of the syllabus); State, ex rel. First National Bank, v. Village of Botkins, 141 Ohio St., 437, 48 N. E. (2d), 865, 148 A. L. R., 205 (paragraph one of the syllabus); State, ex rel. White, v. City of Cleveland, 132 Ohio St., 111, 5 N. E. (2d), 331 (paragraph one of the syllabus); State, ex rel. Cope, v. Cooper, Governor, 121 Ohio St., 519, 169 N. E., 701 (paragraph one oí the syllabus).
Can it be said that this court, in refusing such a writ for such a reason, prevents the relator from invoking the original jurisdiction of this court? See also State, ex rel. Harrison, a Taxpayer, v. Perry, Coroner, 113 Ohio St., 641, 150 N. E., 78; State, ex rel. Carmody, v. Justice, Judge, 114 Ohio St., 94, 150 N. E., 430; State, ex rel. MacDiarmid, v. Eastman, Judge, 118 Ohio St., 121, 160 N. E., 626, involving the original jurisdiction of this court in prohibition; and State, ex rel. Lindley, v. Maccabees, 109 Ohio St., 454, 142 N. E., 888, involving the original jurisdiction of this court in quo warranto.
As said in the court’s opinion in the latter case (page 459) by Jones, J.:
“However, counsel urge the invalidity of any statute that now deprives relator of power to institute any suit in quo warranto in this court. They rest their argument upon the final clause of Section 2, Article IV of the Constitution, as amended in 1912. That section, after a grant to this court of original jurisdiction in quo warranto provides:
“ ‘No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court.’
*312 “* * * Section 2, Art. IV of our Constitution, as amended in 1912, merely confers original jurisdiction in quo warranto upon this court; it confers no grant of power for the invocation of that remedy, but safeguards the remedy only where the law empowers its exercise. * * * Our quo warranto statutes do not prevent a private litigant from invoking the original jurisdiction of this court, nor does the above-quoted constitutional clause grant the individual the right to employ such remedy in all cases; his only right in that respect is that given him by law, and a more comprehensive one has not been granted him by such constitutional provision. * * * In the adoption of this provision it was undoubtedly the purpose of the constitutional clause to make ineffective the rule of this court theretofore adhered to, which required its leave before its original jurisdiction could be invoked.”
Likewise, paragraph two of the syllabus in that case reads:
“Section 2, Article IV, of our Constitution, as amended in 1912, merely confers original jurisdiction in quo warranto upon this court; it grants no power of invocation, but safeguards the remedy only where the law empowers its exercise.”
Section 2731.01 et seq., Revised Code, provide for what the Code classifies as a “special remedy” called “mandamus” and confer jurisdiction upon the Common Pleas Court with respect to that remedy and state the requirements for allowance of that remedy. If, instead of calling that remedy “mandamus,” that remedy had been called “mandatory order,” probably no one would question a decision of this court refusing to allow a writ of mandamus on the ground that the relief which would be afforded thereby could as readily be secured by such an action in the Common Pleas Court for a mandatory order.
*313 In considering whether a party has an adequate, remedy, this court should consider what remedies he has and not merely the names by which they are called.
Thus in Regina v. Lambourn Valley Ry. Co., 22 Q. B. D., 463, 16 Engl. R. Cas., 788, decided in 1888, it was said in the opinion by Pollock, B.:
“There is no doubt that the granting of a prerogative writ of mandamus is discretionary, and the rule by which we ought to be governed is well established. In Blackstone’s Commentaries, Volume iii, page 110, it is stated that a mandamus is ‘a high prerogative writ, of a most * * * remedial nature,’ and ‘issues in all cases where the party hath a right to have anything done, and hath no other specific means of compelling its performance.’ In Rex v. Bank of England, 2 Doug., 524, at page 526, Lord Mansfield said: ‘When there is no specific remedy the court will grant a mandamus that justice may be done.’ These words were amplified by Lord Esher, M. R., in the recent case of In re Nathan, 12 Q. B. D., at page 473, where he said that they meant, ‘ where there is no specific remedy, and by reason of the want of that specific remedy justice cannot be done unless a mandamus is to go, then a mandamus will go.’
“Until the year 1854 no specific remedy existed whereby the registry of a transfer of shares in a public company could be enforced; and it being considered that the proper registration of such transfers was a duty of a public, or quasi-public character this court from time to time has directed that a peremptory writ of mandamus shall issue to enforce its discharge.
it* * #
‘ ‘ The Common Law Procedure Act, 1854, by Section 68, enables a plaintiff to claim in any action a writ of mandamus ‘commanding the defendant to fulfil any duty in the fulfilment of which the plaintiff is person *314 ally interested. ’ * * * in substance it is re-enacted by the Judicature Act, 1873 * * *.
“This does not take away from the court a jurisdiction wbicb it bas long possessed, but tbe effect of it ought to be taken into consideration when the discretion of the court comes to be exercised. Since the passing of this act it cannot be said that the plaintiff has no specific remedy to enforce the right which he says has been denied to him in the present case.”
In the opinion by Manisty, J., it is said:
“Numerous authorities establish the proposition that the Queen’s Bench Division, which alone has power to grant the writ, ought not to grant it if the applicant has another and sufficient remedy by action.
“For more than a century the authorities have been uniform on the subject. In Rex v. Bishop of Chester, 1 T. R., 396, it was laid down as an invariable rule; see also Blackstone’s Commentaries, 7th Ed., page 631, note (k); Regina v. Powell, 1 Q. B., 352, and the judgments of Brett, M. R., and Bowen, L. J., in In re Nathan, 12 Q. B. D., 461, in which it was held that a petition of right was a sufficient remedy.
“In 1854, a remedy which did not exist before was given by the Legislature, viz., an action of mandamus, which is in fact for a decree ordering the performance of the duty which the court thinks ought to be done, and is a more convenient proceeding than by the prerogative writ. On that ground only, and without entering into the question whether the secretary of the company was bound to register the transfer—for that is the question to be tried—I am of the opinion that this rule should be discharged with costs.” See also Regina v. St. Giles, 66 L. J. Q. B., 337. Cf. Rex v. Wilts & Berks Canal Co., 82 L. J. K. B., 3.
It is suggested that, if this court can refuse to issue the writ because the relator has an adequate remedy in *315 the Common Pleas Court, the Court of Appeals can do so likewise. Undoubtedly it can and probably in an instance such as that involved in the instant case it should, in the exercise of its discretion, do so. It is then suggested that the Common Pleas Court can refuse to issue the writ leaving the relator without any remedy. If it did, such error could be corrected on appeal. This court has frequently held that its original jurisdiction should not be exercised where it will merely provide a relator with a substitute for his adequate remedy by way of appeal. Shelby v. Hoffman, 7 Ohio St., 450; State, ex rel. Horvitz Co., v. Sours, Dir., 142 Ohio St., 591, 53 N. E. (2d), 498; State, ex rel. Sidell, v. Cole, Dir., 147 Ohio St., 203, 70 N. E. (2d), 451; State, ex rel. Stein, v. Sohngen, Dir., 147 Ohio St., 359, 71 N. E. (2d), 483; State, ex rel. Blackburn, v. Court of Appeals, 154 Ohio St., 237, 95 N. E. (2d), 273; State, ex rel. Blackburn, v. Court of Appeals, 154 Ohio St., 464, 96 N. E. (2d), 297; State, ex rel. City of Cincinnati, v. Moulton et al., Public Utilities Commission, 160 Ohio St., 397, 116 N. E. (2d), 445.
If this court did allow a writ of mandamus in an instance where the purpose of the relator was primarily the enforcement or protection of purely private rights and where the relator had an adequate remedy in the ordinary course of the law, it could well be charged with extending its jurisdiction in mandamus beyond the scope of the original jurisdiction granted to it by the Ohio Constitution. This was recognized by Shauck, J., when he observed in Fraternal Mystic Circle v. State, ex rel. Fritter, 61 Ohio St., 628, 663, 48 N. E., 940, 76 Am. St. Rep., 446:
“Although both remedies are administered in the same court; it has generally been held, that a suit to enjoin cannot be maintained where an action for damages would afford adequate relief. But the distinction *316 in this respect, between mandamus and remedies in the ordinary course of the law, is obviously of much greater importance, since by the allowance of the writ of mandamus in forbidden cases [i. e., where relator has a plain and adequate remedy in the ordinary course of the law] the Circuit Court and this court would in effect' extend their original jurisdiction beyond the constitutional grant upon that subject.”
In State, ex rel. Moyer, v. Baldwin, 77 Ohio St., 532, 83 N. E., 907, 19 L. R. A. (N. S.), 49, it is said on page 537 et seq. in the court’s opinion by Summers, J.:
‘ ‘ The remedy by writ of mandamus did not originate with the Legislature but with the courts * * *.
“The Constitution of 1851 confers original jurisdiction in mandamus on the Supreme Court * * *.
“The jurisdiction in mandamus that is conferred by the Constitution is the common law jurisdiction as it then was exercised in this state, and it is not in the power of the Legislature either to add to or take from it. The provisions of the statutes must be regarded as merely regulating the practice. * * *
“The purpose in defining mandamus was not to limit the jurisdiction, but merely to describe the writ, and it is still necessary to recur to the cases to learn the occasions when it may issue.
< i # # *
“.The allowance of the writ always was in the discretion of the court and its discretion sometimes was •controlled by the existence of a remedy in equity, but respecting the jurisdiction of the court such a remedy never was a remedy at law. However, Section 2, Article XIV, of the Constitution, provides for the abolition of the distinct forms of action at law' and for the administration of justice by a uniform mode of proceeding, without reference to any distinction- be *317 tween law and equity, and if there is a remedy under the Code it is in the ordinary course of the law.” (Emphasis added.) See State, ex rel. Irish, v. Oviatt et al., Commrs., 83 Ohio St., 460, 94 N. E., 1117; State, ex rel. Juhlman, v. Conners, 122 Ohio St., 355, 171 N. E., 589; State, ex rel. Stanley, v. Cook, Supr., supra (paragraph four of the syllabus); State, ex rel. Phelps, v. Gearhart, Supt., supra.
As hereinbefore pointed out, “there is a remedy under the Code,” i. e., the “special remedy” called “mandamus,” with respect to which jurisdiction is conferred upon the Common Pleas Court by Section '2731.01 ét seq., Revised Code. It follows ‘ that that remedy “is in the ordinary course of the law.” Although' the statutes providing for that “special remedy” also purport to confer jurisdiction with respect thereto on the Supreme Court, they cannot have any effect in doing that because the original jurisdiction of this court is conferred only by the Constitution. See State v. Mansfield, 89 Ohio St., 20, 104 N. E., 1001; Kent v. Mahaffy, 2 Ohio St., 498, 499.
Under the common-law jurisdiction, which - is. the original jurisdiction of this court in mandamus, a court ordinarily will, in the exercise of its discretion, refuse to issue the writ of mandamus where the relator has a plain and adequate remedy in the ordinary course of the law, especially where the purpose of the relator is “primarily the enforcement or protection of purely private rights.”