Hart, J.
Section 2, Article IV of the Constitution of Ohio, provides that the Supreme Court “shall have original jurisdic *314 tion in quo warranto, mandamus, habeas corpus, prohibition and procedendo,” but the Constitution does not define any of these remedies.
The nature and extent of this court’s jurisdiction in prohibition were first considered by this court in the case of State, ex rel. Nolan, v. ClenDening, 93 Ohio St., 264, 112 N. E., 1029, wherein it was held:
“The writ of prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy.”
In the course of the opinion in that case, the remedy is defined and discussed as follows:
“The definition generally recognized in those jurisdictions in which this writ has long been in use is as follows:
‘ ‘ The writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal properly and, technically denominated such, or to an inferior ministerial tribunal possessing incidentally judicial powers and hnotvn as a quasi-judicial tribunal, or even in extreme cases to a purely ministerial body, commanding it to cease abusing or usurping judicial functions. A writ of prohibition is a prerogative writ to be used with great caution and forbearance for the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy. The legitimate scope and purpose of the writ is to keep inferior courts within the limits of their own jurisdiction, and to prevent them from encroaching upon the jurisdiction of other tribunals.’ (32 Cyc., 598.) ‘This writ' is of English origin, being one of the great common-law prerogative writs long in use.’ (Ib., note 2.)
“High, in his excellent work Extraordinary Legal Remedies, clearly states the prevailing doctrine, wherever the writ is in general use, and enumerates three conditions necessary to warrant the granting of relief through the writ of prohibition. They are as follows:
“ ‘1. That the court, officer or person against whom it is sought is about to exercise judicial or quasi-judicial power.
*315 “ ‘2. That the exercise of such power is unauthorized by law.
“ ‘3. That it will result in injury for which no other adequate remedy exists.’ ” (Italics supplied in part.)
In the later case of State, ex rel. Burtzlaff, v. Vickery et al., Judges, 121 Ohio St., 49, 166 N. E., 894, this court, in reviewing the nature of the high prerogative remedy of prohibition, said:
“* * * This court was given original jurisdiction by the constitutional amendment of 1912 in prohibition, but the Constitution does not define the nature of the writ, neither has the Legislature ever defined it. We must therefore look to the principles of the common law. The writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. Its legitimate scope and purpose is to keep inferior courts within the limits of their own jurisdiction and to prevent them from encroaching upon the jurisdiction of other tribunals.”
Not only in this state but in other jurisdictions, this definition and purpose of the writ are recognized and have been adopted. It is stated in 42 American Jurisprudence, 144, Section 8:
“In the absence of any statutory provision to the contrary, it is a general rule that prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are adequate and available.”
It' is clearly apparent that the relators have an appropriate and adequate remedy in equity, and if they have such remedy they can not pursue the remedy of prohibition. They here seek to prevent the racing commission, an administrative agency, from exercising powers under what they claim is an unconstitutional statute. The remedy of injunction, legislatively defined as a “command to do or refrain from doing a particular act,” is clearly available under such circumstances. See Section 2727.01, Revised Code.
In the case of State, ex rel. Harrison, a Taxpayer, v. Perry, Coroner, 113 Ohio St., 641, 150 N. E., 78, this court held:
*316 ‘ ‘ A writ of prohibition will not issue when a plain adequate remedy, either in law or in equity, is available to the applicant.”
In the course of his opinion in that case, Judge Robert H. Day said :
“It is a general principle relative to the extraordinary writ of prohibition that the writ will not issue where there is an adequate remedy at law, or in equity, readily available to the applicant, either by appeal, or writ of error, or any other writ, motion, or proceeding appropriate to the relief, such as injunction, mandamus, quo warranto, etc. * * *.”
Again, in the case of State, ex rel. MacDiarmid, v. Eastman, Judge, 118 Ohio St., 121, 160 N. E., 626, in which was sought an order to prevent a board of park commissioners from a claimed illegal appropriation of real estate for park purposes, this court held:
“A writ of prohibition will not lie to prevent the exercise of that jurisdiction upon the ground that a board of park commissioners in making such appropriation is exceeding the powers conferred upon it by law or that the law conferring the power it seeks to exercise contravenes some provision of the Constitution. An ample remedy is afforded by injunction.”
Attention should be called to the recent case of State, ex rel. Masterson, a Taxpayer, v. Ohio State Racing Commission, 162 Ohio St., 366, 123 N. E. (2d), 1, wherein one of the relators in the instant case, solely as a taxpayer, sought an injunction to restrain the respondent Ohio State Racing Commission from expending funds or issuing permits for the conducting of horse racing in this state, and wherein this court affirmed the judgment of the Court of Appeals which in turn had affirmed the judgment of the Court of Common Pleas holding that the relator lacked the legal capacity to maintain the action. There was no holding in that case that injunction was not a proper remedy if invoked by one having the capacity to bring the action. In the syllabus of that case, this court specifically held:
“In the absence of statutory authority, a taxpayer lacks legal capacity to institute an action to enjoin the expenditure of public funds unless he has some special interest therein by reason of which his own property rights are placed in jeopardy.”
In view of the foregoing discussion, this court is of the *317 view that the petition does not state a cause of action. The demurrer to the petition is sustained and a writ is denied.
A motion to strike the petition is overruled.
It is unnecessary to decide other questions raised in this action.

Demtirrer sustained and ivrit denied.

Weygandt, C. J., Matthias, Zimmerman and Bell, JJ., concur.
Stewart, J., dissents.
Taft, J., concurs in paragraph one of the syllabus but dissents from paragraph three of the syllabus and from the judgment.