Per Curiam.

Relator contends that the judgment of the Court of Appeals is absolutely void and of no effect, that a void judgment can be collaterally attacked, and that this mandamus proceeding is a proper procedure in making the collateral attack.
Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. Section 2731.01, Revised Code.
Relator in the instant case had an adequate remedy in the ordinary course of law by way of appeal to this court from the judgment of the Court of Appeals reversing the judgment of the Court of Common Pleas. A writ of mandamus may not be invoked as a substitute for the remedy of appeal. State, ex rel. City of Cincinnati, v. Moulton et al., Public Utilities Commission, 160 Ohio St., 397, 116 N. E. (2d), 445; State, ex rel. Stein, v. Sohngen, Dir., 147 Ohio St., 359, 71 N. E. (2d), 483; State, ex rel. Blackburn, v. Court of Appeals, 154 Ohio St., 237, 95 N. E. (2d), 273.
Furthermore, in. the absence of a judgment upon which re *375 lator is entitled to an execution, there is no basis for the issuance of a writ and consequently no duty devolving upon respondent Hayes to issue execution on relator’s judgment rendered in the trial court, which judgment was reversed by the Court of Appeals. Under the facts alleged, there is not enjoined upon respondent The Allied Chemical & Dye Corporation any duty to relator resulting from an office, trust, or station.
The demurrers to the petition are sustained and a writ of mandamus is denied.

Demurrers sustained and ivrit denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.