Per Curiam.

Section 2, Article IV of the Constitution of Ohio, confers on this court original jurisdiction in prohibition. This court has refused to issue the high prerogative writ of prohibition, however, in instances where there exists a plain and adequate remedy in the ordinary course of law. State, ex rel. Nolan, v. ClenDening, 93 Ohio St., 264, 112 N. E., 1029; State, ex rel. Harrison, a Taxpayer, v. Perry, Coroner, 113 Ohio St., 641, 150 N. E., 78; State, ex rel. Heine, v. Busher, Chief Justice, 164 Ohio St., 519, 132 N. E. (2d), 459.
Relator contends the remedy of injunction is not available to it because the right it sues to protect is neither a property right nor a private right but is a governmental right, and that equity jurisdiction does not extend to such rights. Relator cites Link v. Karb, Mayor, 89 Ohio St., 326, 104 N. E., 632, in support of its position. The basis of the decision in the Link case seems to be that, since the control of elections is a political matter rather than judicial, a petition alleging illegalities in the conduct of an election, at which a proposition to issue bonds was submitted to the electors of a city, presents no case authorizing a court of equity to interfere by injunction to prevent the issue of such bonds, on the theory that the contest of the election is merely incidental to the suit.
The view we take here, however, makes it unnecessary to decide whether the rights of relator can be amply protected by an action for injunction.
*100 Section 5511.01, Revised Code, provides that the Director of Highways shall make no change in the route of any highway through a municipal corporation except after notice and hearing. Relator’s petition alleges that notice was received by it from the director of a hearing to consider certain proposals with regard to the construction of the new bridge and approaches. There is no claim by relator of a defect in form of the notice, but only a claim of the director’s lack of jurisdiction to proceed with the hearing.
Relator alleges also that the director has contracted with the commissioners of Cuyahoga County to use his powers under Section 5521.01, Revised Code, to proceed with the construction of the bridge.
Section 5521.01, Revised Code, provides in part:
“The Director of Highways * * * may establish, construct, reconstruct, improve, widen, maintain, or repair any section of state highway within the limits of a city * * * but in all cases he shall first obtain the consent of the legislative authority of such municipal corporation.
“* * * If the legislative authority fails to act or refuses consent, the director may upon consideration of the reasons for rejection make a resolution declaring the necessity of said improvement which shall be spread upon his journal and then proceed in the same manner as if consent had been given. A certified copy of said resolution shall be served upon the municipal legislative authority which may, within 20 days from the date of said service, appeal to the Court of Common Pleas of the county in which such municipal corporation is situated, upon the reasonableness and necessity of the action provided for in the resolution.’’
Assuming that the Director of Highways, following the hearing which has been set under Section 5511.01, Revised Code, does not reach a conclusion in accord with the desire of relator but instead decides to proceed, in accordance with his contract, with the new construction, and assuming that the relator refuses its consent when requested, the question arises as to whether the relator can adequately protect its rights under the appeal provided for in Section 5521.01, Revised Code.
Relator contends that the appeal provided for is inadequate because thq Common Pleas Court may pass only upon the *101 reasonableness and necessity of the proposed improvement and not on its legality. With this contention we can not agree. The appeal provided for here is not to a board of experts which will pass upon the engineering feasibility of the proposal but to a court, the function of which is to rule on matters of law. To say that the question of the constitutionality of a statute can not be raised in determining the reasonableness of an act done pursuant to that statute would be to deny a concept that has been deeply engrained into our system of jurisdiction. We are not prepared to say that reason has so departed the law that it can exist without its basis in legality.
We do not believe we should depart from the policy of refusing the prerogative writ of prohibition where there is an adequate remedy by way of appeal, even though resort to the writ is more expeditious than the comparatively extended appellate procedure.

Demurrer sustained and iorit denied.

Weygandt, C. J., Matthias, Hast, Zimmebman, Stewart and Bell, JJ., concur.