**LAKEWOOD (City), Plaintiff, v. THORMYER, Director of Highways, Defendant.**

Common Pleas Court, Franklin County.

No. 197298. Decided April 1, 1957.

42

Ashley M. Van Duzer, Cleveland, George E. Feder, Director of law, Lakewood, Raymond H. Treffinger, Columbus, for plaintiff.

William Saxbe, Atty. Genl., Hugh E. Kirkwood, Jr., Asst. Atty. Genl., for defendant.

## OPINION

By LEACH, J.

Plaintiff, City of Lakewood, seeks a permanent injunction to prevent defendant, as acting Director of Highways, from conducting a hearing upon his proposal for the relocation, establishment of limited access and abandonment of parts of State Route No. 2 and State Route U. S. No. 6, in the cities of Lakewood and Rocky River, Cuyahoga County, Ohio, under the purported authority of Chapter 5511 R. C.

At a hearing on February 15, 1957, we granted a temporary injunction, and at the same time this cause was submitted to the Court on defendant's motion for judgment on the pleadings. It was agreed and understood at that time by respective counsel that in ruling on such motion, the Court should consider not only the petition but also the five

exhibits introduced into evidence by the plaintiff, such exhibits being merely supplementary to the allegations of the petition.

The petition originally named as defendant Samuel O. Linzell, but it appearing that Mr. Linzell had resigned as of February 7, 1957, his successor in office was substituted by agreement as the party defendant.

The petition reads in part as follows:

"Now comes plaintiff and says it is a municipal corporation duly organized under the laws of Ohio, and situated in Cuyahoga County, adjacent to and west of Cleveland; that it brings this action to protect its sovereign and governmental rights and powers; that defendant is the duly appointed and acting Director of Highways of Ohio; that State Route No. 2 and State Route U. S. No. 6 are duly dedicated public highways which proceed together through the Cities of Lakewood and Rocky River in Cuyahoga County, Ohio; that the City of Rocky River, Ohio, is adjacent to and west of Lakewood; and that the boundary between said municipalities is the center line of the Rocky River.

"Over a period of years there have been discussions among the defendant, including his predecessors in office, the County Commissioners of Cuyahoga County, and the Cities of Rocky River and Lakewood concerning the question whether and, if so, what steps should be taken to facilitate the movement of traffic across Rocky River.

"On or about March 24, 1952, the Board of County Commissioners of Cuyahoga County and the defendant's predecessor in office entered into a contract providing for the employment of engineers, who, in April of 1953 recommended that a new bridge and approaches thereto across Rocky River be constructed in a new location within the City of Lakewood, different from the location of the present bridge and approaches thereto and different from the location of any existing route, highway, street or road within the City of Lakewood.

"Plaintiff thereafter immediately notified defendant that it did not consent to the construction of said bridge and approaches and, on November 30, 1954, plaintiff's City Council adopted a resolution setting forth its opposition thereto and the reasons therefor, a copy of which was promptly furnished defendant.

"Plaintiff says that on December 2, 1954, pursuant to a request of its County Engineer, the Board of County Commissioners of Cuyahoga County called upon the defendant to proceed with the construction of the proposed bridge and approaches without the consent of plaintiff; that on October 27, 1955, the County and the defendant entered into a contract in which defendant stated his intention to use his powers under §5521.01 R. C., and to construct said bridge and approaches, and covenanted and agreed that public necessity required its construction in the location recommended as aforesaid; that on August 15, 1956, plaintiff received from defendant notice of a hearing to be held in Cleveland on August 31, 1956 for the purpose of hearing arguments on the proposals therein set forth, which were that when the provisions of **Chapter 5511** **R. C.**, had been met and a proper entry made on the defendant's Journal, the new bridge and approaches would be constructed in the exact location recommended by said engineers; that plaintiff filed a petition for writ of prohibition on August 24, 1956 in the Supreme Court of Ohio

against the defendant from holding such a hearing; that the Supreme Court forthwith issued an alternative writ restraining the defendant from holding said hearing; but on December 26, 1956 dismissed the petition on the ground that prohibition was not the proper remedy; that as soon as said dismissal became final, the defendant issued another notice, identical in form with the prior notice, of a hearing to be held in Cleveland on February 19, 1957 for the purpose of hearing arguments on the same proposals, which were that when the provisions of **Chapter 5511 R. C.,** had been met and a proper entry made on the defendant's Journal, the new bridge and approaches would be constructed in the exact location recommended by said engineers and that stated portions of State Route No. 2 and U. S. Route No. 6 would be relocated and established as a limited access highway and other portions abandoned when the proposed relocation was accepted."

It perhaps should be noted that the acts alleged to have been done by "defendant's predecessor in office" were done by T. J. Kauer, Mr. Linzell's predecessor in office, and those alleged to have been done by "defendant" had reference to Mr. Linzell.

The petition continues with the contentions (which obviously are conclusions of law and in no way binding on this Court in its ruling on the instant motion) that no statute other than §5511.01 R. C., authorizes the Director to conduct any hearing with respect to a highway with a municipal corporation and that this statute with respect to highways within a municipal corporation provides for a hearing **only** for the purpose of considering a change in **route** from one to another **existing** highway; that if construed to authorize the Director to conduct such hearing, and to make use of such hearing in aid of the construction of said bridge and approaches over Lakewood's objection, such statute is unconstitutional as contravening the provisions of **Article XVIII, Section 3, Ohio Constitution,** which confers on municipalities all powers of local self-government; and that plaintiff is without an adequate remedy at law.

We have examined not only the briefs filed by respective counsel in this case but also the briefs filed in the Supreme Court in the case of **State, ex rel. City of Lakewood v. Linzell, 166 Oh St 98.** The instant case differs from that case only in that (1) there Lakewood sought (a) not only to prevent an identical hearing purportedly under §5511.01 R. C., but also (b) to prevent the Director from proceeding under §5521.01 R. C., with the construction of such bridge without the consent of the city, while here the city does not directly pray for the latter relief and (2) there relief was sought by prohibition and here by injunction.

In its brief in the Supreme Court, Lakewood contended that injunction was not available in that injunction is for the protection of property rights while Lakewood in seeking to protect not a property right but a governmental right, citing as authority several cases including the case of **Link v. Karb, 89 Oh St 326.** Basically, the claim of Linzell was that Lakewood had a plain and adequate remedy in the ordinary course of law by virtue of the provisions for appeal contained in §5521.01 R. C.

The Supreme Court, in a Per Curiam decision, stated:

"**Section 2, Article IV, Ohio Constitution,** confers on this court

original jurisdiction in prohibition. This court has refused to issue the high prerogative writ of prohibition, however, in instances where there exists a plain and adequate remedy in the ordinary course of law. State, ex rel. Nolan, v. ClenDening, 93 Oh St 264, 112 N. E., 1029; State, ex rel. Harrison, a Taxpayer, v. Perry, Coroner, 113 Oh St 641, 150 N. E. 78; State, ex rel. Heine, v. Busher, Chief Justice, 164 Oh St 519, 132 N. E. (2d), 459.

"Relator contends the remedy of injunction is not available to it because the right it sues to protect is neither a property right nor a private right but is a governmental right, and that equity jurisdiction does not extend to such rights. Relator cites **Link v. Karb, Mayor, 89 Oh St 326, 104 N. E., 632**, in support of its position. The basis of the decision in the Link case seems to be that, since the control of elections is a political matter rather than judicial, a petition alleging illegalities in the conduct of an election, at which a proposition to issue bonds was submitted to the electors of a city, presents no case authorizing a court of equity to interfere by injunction to prevent the issue of such bonds, on the theory that the contest of the election is merely incidental to the suit.

"The view we take here, however, makes it unnecessary to decide whether the rights of relator can be amply protected by an action for injunction.

"Sec. 5511.01 R. C., provides that the Director of Highways shall make no change in the route of any highway through a municipal corporation except after notice and hearing. Relator's petition alleges that notice was received by it from the director of a hearing to consider certain proposals with regard to the construction of the new bridge and approaches There is no claim by relator of a defect in form of the notice, but only a claim of the director's lack of jurisdiction to proceed with the hearing.

"Relator alleges also that the director has contracted with the commissioners of Cuyahoga County to use his powers under §5521.01 R. C., to proceed with the construction of the bridge.

"Sec. 5521.01 R. C., provides in part:

" 'The Director of Highways * * * may establish, construct, reconstruct, improve, widen, maintain, or repair any section of state highway within the limits of a city * * * but in all cases he shall first obtain the consent of the legislative authority of such municipal corporation.

" '* * * If the legislative authority fails to act or refuses consent, the director may upon consideration of the reasons for rejection make a resolution declaring the necessity of said improvement which shall be spread upon his journal and then proceed in the same manner as if consent had been given. A certified copy of said resolution shall be served upon the municipal legislative authority which may, within 20 days from the date of said service, appeal to the Court of Common Pleas of the county in which such municipal corporation is situated, upon the reasonableness and necessity of the action provided for in the resolution.'

"Assuming that the Director of Highways, following the hearing which has been set under §5511.01 R. C., does not reach a conclusion in accord with the desire of relator but instead decides to proceed, in ac-

cordance with his contract, with the new construction, and assuming that the relator refuses its consent when requested, the question arises as to whether the relator can adequately protect its rights under the appeal provided for in §5521.01 R. C.

"Relator contends that the appeal provided for is inadequate because the Common Pleas Court may pass only upon the reasonableness and necessity of the proposed improvement and not on its legality. With this contention we cannot agree. The appeal provided for here is not to a board of experts which will pass upon the engineering feasibility of the proposal but to a court, the function of which is to rule on matters of law. To say that the question of the constitutionality of a statute can not be raised in determining the reasonableness of an act done pursuant to that statute would be to deny a concept that has been deeply engrained into our system of jurisdiction. We are not prepared to say that reason has so departed the law that it can exist without its basis in legality.

"We do not believe we should depart from the policy of refusing the prerogative writ of prohibition where there is an adequate remedy by way of appeal, even though resort to the writ is more expeditious than the comparatively extended appellate procedure."

Thereafter, Lakewood filed an application for rehearing, contending in effect that even if it had an adequate remedy at law from any proceeding by the Director under §5521.01 R. C., by virtue of the appeal provided by that statute, its petition had also sought relief to prevent the Director from conducting a hearing under §5511.01 R. C., and that the latter section provided for no appeal from such a hearing. The Supreme Court denied the application for rehearing.

We believe it clear therefore that the Supreme Court necessarily held that the appeal provided by §5521.01 R. C., was an adequate remedy at law by which the rights of Lakewood could be protected not only as to any proceeding under §5521.01 R. C., but also as to any hearing under §5511.01 R. C. In fact, we believe that the Supreme Court so held in clear and unambiguous language when they stated:

"Assuming that the Director of Highways, following the hearing which has been set under §5511.01 R. C., does not reach a conclusion in accord with the desire of relator but instead decides to proceed, in accordance with his contract, with the new construction, and assuming that the relator refuses its consent when requested, the question arises as to whether the relator can adequately protect its rights under the appeal provided for in §5521.01 R. C."

We perhaps should state that independently of the conclusion of the Supreme Court in this regard, we are of such opinion. The basic relief sought by Lakewood, both in the Supreme Court and here, is to prevent the Highway Department from constructing a new highway bridge between Lakewood and Rocky River and the construction of a new highway within the corporate limits of Lakewood. Regardless of any action which the Director might take after a hearing under §5511.01 R. C., such bridge and new highway cannot be constructed unless and until the Director proceeds further in accordance with the

provisions of §5521.01 R. C., at which time, if the parties are still in dispute, the entire controversy may be determined in an appeal to the Common Pleas Court of Cuyahoga County as there provided.

The decision of the Supreme Court was based on the principle that prohibition should not issue in instances where there exists a plain and adequate remedy in the ordinary course of the law. The same is true as to injunction. Injunction, too, should not issue where there is a plain and adequate remedy in the ordinary course of the law. 21 O. Jur., page 1012. On this basis alone and independently of the other issues presented herein, therefore, we must conclude that Lakewood is not entitled to the injunctive relief sought. Defendant's motion for judgment on the pleadings therefore is sustained.

We do not desire to predicate our decision herein solely on such basis however. We also are of the opinion that the hearing, as scheduled by the Director, is authorized by the provisions of §5511.01 R. C.

Lakewood asserts that §5511.01 R. C., as to highways within municipalities, permits a hearing only to consider a change in route from one existing highway to another. The statute contains no such specific provision. Lakewood arrives at such a conclusion, however, on the basis that the seventh paragraph thereof provides that "No change in the route of any highway through a municipal corporation shall be made except after notice and hearing." Lakewood contends that there is a basic distinction between the establishment of a highway or a change in a highway and a change in the "route of any highway," and that the only change permitted by the language of this particular paragraph is a change in route; that a change in route of necessity must be a change from one existing highway to another.

The second paragraph of this same statute, however, authorizes the Director to "establish and designate additional state highways or change existing highways after notice and hearing." and the third paragraph provides that before "establishing any additional highways" or "making any change in existing highways" of the state highway system, the Director shall hold a hearing which shall be open to the public after notice of the time and place of such hearing which "notice shall state the route of the proposed highway or the change proposed to be made in an existing highway of the system." Such language, of course, must be read in pari materia with the provisions of §5501.02 R. C., paragraph (A), which authorizes the Director to "establish state highways on existing roads, streets, and new locations" and the provisions of §5501.11 R. C., which authorizes the Director, among other things, to relocate and establish any road or highway "on the state highway system." Especially when so read, we believe it clear that the language of the second and third paragraphs of §5511.01 R. C., not only authorizes but requires a hearing prior to the establishment of a state highway not only on an existing road or street but also on a "new location."

But, contends Lakewood, in effect, the second and third paragraphs of §5511.01 R. C., have no application to state highways within municipal corporations and we must look only to the provisions of the seventh paragraph as to the powers of the Director with respect thereto. We

cannot so conclude. We find no language in the statute which, by its terms, would make the provisions of these two paragraphs inapplicable to highways in municipal corporations. We must determine "legislative intent" in such respect by the language actually employed. Furthermore, to so conclude would mean that there would be no requirement at all of a hearing "open to the public" in the event of the establishment of a state highway in a new location within a municipal corporation with the consent of such municipality, since the third paragraph of §5511.01 R. C., is the only statute containing such a requirement. We cannot conclude, in the face of the language actually employed, that the General Assembly, as to the establishment of a new highway in a municipality, intended that public notice and hearing be dispensed with and that such be permitted merely by the consent of the legislative authority of the municipality and the action of the Director. In our opinion the language actually employed permits the public generally to be heard at the public hearing so provided and such public hearing is required as a condition precedent to any action of the Director in establishing any additional highways or making any changes in existing state highways within and without municipal corporations and with or without the consent of the municipal corporation if otherwise allowed by statute.

Here the Director gave notice of a hearing on a proposal for (1) "the relocation and establishment of a limited access highway for State Route No 2 and U. S. Route No. 6 situated in the cities of Rocky River and Lakewood, Cuyahoga County, Ohio;" (2) "the extension of State Route No. 254 as a ramp connection with relocated State Route No. 2 and U. S. Route No. 6, situated in the City of Rocky River, Cuyahoga County. Ohio;" (3) "the abandonment of existing State Route No 2 and U S. Route No. 6 situated in the cities of Rocky River and Lakewood, Cuyahoga County, Ohio, same to revert to the Rocky River and Lakewood street systems at such time that the corresponding new section of the above mentioned proposed relocation is accepted and opened to traffic"; and (4) "the extension of State Routes Nos. 254, 113 and 237 situated in the cities of Rocky River and Lakewood, Cuyahoga County, Ohio." each of such proposals being described therein in detail.

It must be borne in mind, we believe, that the authority of the Director to construct a highway within a municipal corporation, even with the consent of the municipality, is limited to construction of "any section of state highway within the limits of a city." Thus the area of construction must be legally designated as a part of the state highway system before any construction is authorized. This obviously is the purpose and the sole purpose of the hearing as proposed under §5511.06 R. C. Within the area of Lakewood such designation, in and of itself, will not permit the Director to proceed with construction. He must then obtain the consent of Lakewood, or failing to obtain that, determine to proceed in accordance with the "federal and primary highway provisions" of the second paragraph of that statute. If such be done. Lakewood is given the right to appeal to the Common Pleas Court of Cuyahoga County.

To enjoin the Director from proceeding with one of the procedural

steps required by law as a condition precedent to actual construction would mean that the Director would be precluded from even attempting to exercise the statutory authority given to him by §5521.01 R. C., or from following the procedure set forth therein. Sec. 5531.02 R. C., limits the expenditure of federal funds to "the highways comprisng the state highway system, or upon the extension of such highways into and through municipal corporations." Sec. 5521.01 R. C., as heretofore noted, authorizes the Director, even with the consent of the municipality, to construct only within "any section of a state highway."

Before 1947, the Director had no power in any event to construct a state highway within a municipal corporation without consent of the legislative authority of the municipal corporation. By the amendment of §1178-42 GC (§5521.01 R. C.), 122 Ohio Laws 416, effective September 18, 1947, the General Assembly authorized the Director to relocate a state highway within a municipal corporation under certain conditions there stated, without local consent, but subject to appeal by the municipality to the Common Pleas Court of such county. To accept the contentions of Lakewood made herein, such amendment and the further amendment of such provision in 126 Ohio Laws 203, effective September 30, 1955, as a matter of legislative intent was meaningless in view of the failure of the General Assembly to grant any authority to the Director for the relocation of a state highway within a municipal corporation, such authority being allegedly limited to the authority granted in the seventh paragraph of §5511.01 R. C., to a "change of route" to an already existing highway. As heretofore stated, the language actually employed does not support such contention and surely a court should not interpret such language to arrive at such an incongruous result in the absence of clear and unambiguous language compelling such an interpretation.

Lakewood also asserts that to construe §5511.01 R. C., as permitting a hearing as a step which might ultimately authorize highway construction in a municipality, without the consent of the municipality, would be in contravention of the "home rule" powers under Article XVIII, Sec. 3, Ohio Constitution. Here, of course, we have not a question of legislative policy, which policy is expressed by clear and unambiguous language in the second paragraph of §5521.01 R. C., but the specific question as to the constitutionality of the 1947 amendment of §1178-42 GC, as later again amended by the 1955 amendment of §5521.01 R. C. As to this claim it is clear from the decision of the Supreme Court, that Lakewood has an adequate remedy in the ordinary course of the law by way of the appeal provided by §5521.01 R. C. In any event, we can see no basic difference between the constitutional authority of the General Assembly to provide for the construction of a highway in the nature of a toll road or turnpike through a municipal corporation without consent of local authority and the constitutional authority to provide for such construction of a state highway. In that connection we quote from the opinion in State, ex rel. Allen, v. Ohio Turnpike Commission, 158 Oh St 168 at page 174:

"The respondent complains that the relator commission has not ob-

tained the consent of the municipalities and other political subdivisions through which the turnpike will pass and that this is in violation of the right of municipal home rule conferred by **Sections 3** and **7, Article XVIII, Ohio Constitution.** However, those powers relate to 'local self-government.' The construction of a turnpike across the state hardly can be considered a matter of **local** self-government."

As stated in **State, ex rel. Kauer, v. Defenbacher, 153 Oh St 268,** expenditures for the study of a turnpike project are part of the "state's share of the cost of constructing * * * the state highways of this state." In our opinion, therefore, the decision of the Supreme Court in the Allen case is dispositive as to the constitutional "home-rule" claim of Lakewood since both the type of highway here involved and the turnpike are but parts of the "state highways of the state."

For the reasons heretofore stated, we conclude that plaintiff is not entitled to the injunctive relief sought. The temporary injunction heretofore issued, therefore, is dissolved, the motion of defendant for judgment on the pleadings is sustained, and final judgment is rendered for the defendant at the costs of the plaintiff. Entry may be prepared accordingly, reserving exceptions to the plaintiff.