Jones, J.
 

 Since no special findings were made by the Court of Appeals, or bill of exceptions taken, all the controverted issues of fact contained in the pleadings are deemed to have been determined in favor of the defendant in that court. Among other issues thus determined in his favor are that the intended use of the remodeled building was for sanitarium purposes and that “unnecessary hardships” would result to the applicant “in the way of carrying out the. strict letter” of the ordinance requiring a thirty-foot setback. Furthermore, in view of the finding of the Court of Appeals, we must presume that the evidence offered in that court supported the board’s conclusion that the public health and safety were secured and substantial justice done in permitting a variance from the required thirty-foot setback. Nor can it be maintained, in the absence of evidence, that the action of the board of appeals was unreasonably and arbitrarily exercised, or was such as would constitute a gross abuse of discretion.
 

 The naked legal question here presented is whether under any circumstances the board of appeals was authorized to vary the zoning provision requiring the remodeled building to “be located not less than thirty feet from any interior side * * * lot line.” In this instance the board authorized the permit for a location less than thirty feet from such line. Under
 
 *17
 
 the provisions of Section 1281-23 (a) of the zoning ordinance the hoard of appeals was authorized to “hear and decide all questions brought before it by appeal from the refusal, granting or revocation of permits by the Commissioner of Buildings;” it also had power under that section to reverse, affirm or modify the order appealed from and to make such order or decision “as in its opinion ought to be made under the circumstances,” and to direct the issuance of a permit in a proper case. The principal provision of the zoning ordinance here under attack is paragraph (b) of above section, which is fully quoted in the statement of facts. Paragraph (b) expressly provides that if, in specific cases, the board should find that
 
 unnecessary hardships
 
 would result in the way of carrying out the strict letter of a provision in the ordinance, it had power to vary the application of any such provision in harmony with the general purpose and intent of the subdivision so that the public health or safety might be secured and substantial justice done.
 

 The principal contentions of counsel for plaintiff in error are twofold, and both may be discussed together. They are as follows: (1) That the thirty-foot setback provision in the zoning ordinance is mandatory, and therefore the board of appeals exceeded its powers in authorizing the issuance of a permit for a setback of a lesser distance. (2) Since no definite standard was fixed in the ordinance for determining what are “practical difficulties” or “unnecessary hardships,” the bestowal of power upon the board to vary the application of the ordinance constituted a delegation of legislative power and was for that reason unconstitutional.
 

 The first contention of plaintiff in error is easily disposed of. Standing alone, the provision of the zoning ordinance that a permitted building must be located “not less than thirty feet from any interior side or rear lot line” would be regarded as mandatory.
 
 *18
 
 However, the same section of the ordinance provides that in specific cases the board of appeals has power to vary the application of a provision therein if it finds that unnecessary hardship will result in carrying out the strict letter of such provision. That provision refutes the claim that the thirty-foot setback is mandatory in each and every instance.
 

 The chief question therefore is whether the provision of the zoning ordinance authorizing the board of appeals to vary applications in case of “unnecessary hardships” is constitutional — whether it constitutes a delegation of legislative power.
 

 It is an elementary principle of our jurisprudence that in determining whether a law or ordinance is constitutional every reasonable presumption will be indulged in favor of its constitutional validity, and that it is only when there is a clear incompatibility between the legislative act and the Constitution that the judicial power will refuse to execute it. This principle applies whether the legislative act be a statute or a municipal ordinance.
 
 Cincinnati, W. & Z. Rd. Co.
 
 v.
 
 Commissioners of Clinton County,
 
 1 Ohio St., 77;
 
 City of Xenia
 
 v.
 
 Schmidt,
 
 101 Ohio St., 437, 130
 
 N.
 
 E., 24. Eighty years ago, in
 
 Cincinnati, W. & Z. Railroad Co.
 
 v.
 
 Commissioners, supra,
 
 discussing the question of delegation of power and the conferring of authority for the execution of a law.upon an administrative agency, Judge Banney said (at page 88 of 1 Ohio State): “The true distinction, therefore, is, between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made.” And in
 
 Yee Bow
 
 v.
 
 City of Cleveland,
 
 99 Ohio St., 269, 124 N. E., 132, 12 A. L. R., 1424, this court unanimously held that an ordinance imposing upon an administrative officer (as a pre
 
 *19
 
 requisite to the issuance of a license) the duty of ascertaining facts relating to public health did not confer legislative power upon such officer in a constitutional sense, although resort might be had to the courts if his conduct should prove to be arbitrarily exercised or palpably unwarranted. In discussing the constitutionality of the creation of boards of appeal and their power to vary the provisions of a zoning ordinance, an author dealing with the subject of zoning states that courts have held “that not only was it constitutional to create such boards, but the delegation to them, of the right to so vary certain provisions under certain circumstances, was not an unlawful nor an unreasonable delegation of power.” Metzenbaum on Zoning, page 260. Ordinances containing power to vary in exact or similar language to that employed here have been adopted by municipalities in various states of the Union. It is now generally recognized by the courts that in the adoption of modern methods of zoning, since they may seriously affect the quality of the owner’s title and-may jeopardize that absolute freedom in the use of his property which he previously had enjoyed, the owner may be safeguarded from the too severe placing of zoning restrictions upon it. He is frequently given an anchor to the windward which may relieve him from the strict application of a zoning restriction placed upon his property if it should be found that unnecessary hardships would ensue in carrying out the strict letter of the zoning provision; under the provisions of the zoning ordinance the appellant is given the right to an appeal and a hearing before a board empowered to alleviate “unusual hardships” affecting his property, especially where, as in this case, the owner’s building was in existence before the zoning ordinance was adopted.
 

 In
 
 People, ex rel. Fordham Manor Reformed Church,
 
 v.
 
 Walsh,
 
 244 N. Y., 280, 155 N. E., 575, 576, it appears that the city of New York had adopted a zoning ordi
 
 *20
 
 nance which provided that: “Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions * * # the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done.” It will be observed that this provision is almost the exact language of the Cleveland zoning ordinance. The New York Court of Appeals held that under the provisions permitting variation from an ordinance requirement the inquiry was reduced to whether there was any support for the finding of unnecessary hardship and that “there must be a showing of ‘unnecessary hardship’ and if such hardship exists the reasons therefor should appear.” The New York city charter required that the decision of the board of appeals should concisely set forth the facts showing the grounds of its decision. Although no such requirement has been called to our attention as being contained in the Cleveland ordinance, the Cleveland board of appeals found and stated specific reasons why the restriction would entail unusual hardships upon the applicant, if the strict letter of the zoning restriction were applied to him. These reasons are set forth in the statement of facts. In this respect the instant case differs from the case of
 
 Welton
 
 v.
 
 Hamilton,
 
 344 Ill., 82, 94, 176 N. E., 333, 338, where the court indicated that the board of appeals, instead of making a specific finding of what the “hardship was in the way of carrying out the strict letter of the ordinance, ’ ’ simply made a general finding of unnecessary hardship.
 

 Plaintiff in error contends that no definite standard was fixed in the ordinance for determining what are the “practical difficulties” or “unnecessary hardships” resulting to the owner of the property who desired to be relieved from the strict letter of the ordi
 
 *21
 
 nance. Since we have no bill of exceptions, it will be presumed that unnecessary hardships imposed upon the applicant were fully established by the evidence, and that is the import of the finding by the Court of Appeals in its journal entry. Manifestly the legislative body cannot fix any adequate standard or rule that would fit every individual case of hardship. That is impossible; and therefore the legislative body has confined the determination of that feature to an administrative agency — in this case the board of appeals —as a fact-finding body which could determine whether in any specific case unusual hardships might result if the strict letter of the ordinance were complied with.
 

 An ordinance of similar import, in respect to variance, was under consideration by the Court of Appeals of New York in
 
 Dowsey
 
 v.
 
 Village of Kensington,
 
 257 N. Y., 221, 177 N. E., 427, 429. In passing upon the case the judge delivering the opinion said: “Special hardship to an individual owner must at times be suffered for the general welfare, but neither the Legislature nor the local authorities acting under power delegated by the Legislature may impose such special hardship unnecessarily and unreasonably. Such special hardship may at times be avoided or mitigated by a special variation of a general zoning regulation. * * * Doubtless it is difficult, perhaps impossible, for a legislative body enacting a zoning regulation to envisage the result of its regulation upon each piece of property which may be affected, or to weigh and adjust each private and public interest that may be involved.” He said that the function of the board of appeals was “to provide a measure of flexibility in the application of a general rule imposed for the general welfare. * * * Upon a showing of unnecessary hardship, general rules are suspended for the benefit of individual owners and special privileges established.” Upon this phase the Court of Appeals of
 
 *22
 
 Maryland said in its syllabus,
 
 Tighe
 
 v.
 
 Osborne,
 
 150 Md., 452, 133 A., 465, 46 A. L. R., 80: “With the increased tendency to provide in laws and ordinances general rules and standards, leaving to administrative boards and agencies the task of acquiring information, working out the details, and applying these rules and standards to specific cases, the courts have relaxed to some extent the particularity with which they formerly required the laws and ordinances to set out the rules and standards by which the delegated power was to be limited.”
 

 Under similar varying provisions relieving an owner from unnecessary hardships resulting from zoning his property, the following cases support the principle that a board may vary the provisions of a zoning ordinance, and may especially do so if it assigns reasons for its action:
 
 People, ex rel. Sheldon,
 
 v.
 
 Board of Appeals of City of New York,
 
 234
 
 N.
 
 Y., 484, 138 N. E., 416;
 
 People, ex rel. Facey,
 
 v.
 
 Leo,
 
 230 N. Y., 602, 130 N. E., 910.
 

 Mutual Film Corp.
 
 v.
 
 Industrial Commission of Ohio,
 
 236 U. S., 230, 35 S. Ct., 387, 390, 59 L. Ed., 552, Ann. Cas., 1916C, 296, was a case involving an alleged delegation of legislative power upon a board of censors, authorized to use its judgment and discretion in determining what films were “of a moral, educational or amusing and harmless character.” In discussing the distinction between administrative and legislative powers the high federal court said: “While administration and legislation are quite distinct powers, the line which separates exactly their exercise is not easy to define in words. It is best recognized in illustrations. Undoubtedly the legislature must declare the policy of the law and fix the legal principles which are to control in given cases; but an administrative body may be invested with the power to ascertain the facts and conditions to which the policy and principles apply. If this could not be done there would be infinite
 
 *23
 
 confusion in the laws, and in an effort to detail and to particularize, they must miss sufficiency both in provision and execution.”
 

 We see no distinction in principle between the use of a fact-finding body for determining whether or not “unusual hardships” have resulted in specific cases and the use of a similar administrative agency to ascertain the fact whether a picture film is of a moral, educational, or harmless character. Manifestly, since unusual hardships would affect some and not other owners in a zoning district, the determination whether the restriction imposes unusual hardships upon an individual’s property must be left, in specific instances, to the discretion of administrative agencies, but even so the power conferred upon them cannot be unreasonably or arbitrarily exercised.
 

 The application of this rule we think is supported in
 
 Red “C” Oil Mfg. Co.
 
 v.
 
 Board of Agriculture of N. C.,
 
 222 U. S., 380, 32 S. Ct., 152,
 
 56
 
 L. Ed., 240. There North Carolina had adopted an act providing that illuminating oils should “be safe, pure and afford a satisfactory light,” and the power of determining what oil measured up to such standards was conferred on the board of agriculture. The Supreme Court held that the North Carolina act did not amount to a delegation of legislative power.
 

 From what we have here indicated, and in view of the fact that no bill of exceptions has been filed disclosing that the discretion of the board of appeals was unreasonably exercised, or that the board acted arbitrarily, it follows that the judgment of the Court of Appeals should be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Stephenson, J., not participating.