## STATE v. BENNIE GUNDERSON.[1]

August 28, 1936.

No. 30,880.

*Russell Smith,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

DEVANEY, CHIEF JUSTICE.

Proceedings brought by the state of Minnesota against defendant for violating the zoning ordinance of the city of Minneapolis.

The facts are not in dispute. Defendant, for a period of more than four years, has been operating a small automobile repair shop in a garage building located at the rear of certain premises at 3740 Eighteenth avenue south in Minneapolis. The premises whereon defendant's shop is located are part of a district classified as a residential district under the zoning ordinance of the city of Minneapolis.

On March 31, 1933, the Minneapolis city council granted to defendant a special permit to operate a battery and repair shop on the aforesaid premises. The permit was issued on April 5, 1933.

[1]Reported in 268 N. W. 850.

In November, 1935, defendant was convicted in municipal court for violating the city zoning ordinance. Judgment was entered and defendant was sentenced. This is an appeal from the judgment.

Only one question need be considered: Was defendant guilty of violating the zoning ordinance in operating his automobile shop with a special permit from the city council?

The question must be answered in the negative.

Defendant is accused of violating § 3 of the zoning ordinance of the city of Minneapolis [Minneapolis City Charter & Ordinances, 1872-1925, p. 527] the preliminary part of which reads as follows:

"In the residence district, unless otherwise provided in this ordinance, no building or premises shall be used and no building shall hereafter be erected or structurally altered except for one or more of the following uses * * *."

There follows a list of exceptions to the operation of the section which are not important here. Suffice to say that the only garages permitted thereunder are those for private use.

Section 20 of the same ordinance provides in part:

"In specific cases the city council may authorize by permit a variation of the application of the use, height and density district regulations herein established in harmony with their general purpose and intent, as follows: * * *

"(8). Interpret the provisions of this ordinance in harmony with the fundamental purpose and intent thereof where practical difficulties or unnecessary hardships occur."

When the city council granted to defendant a special permit, it must have done so under the authority of the last quoted section of the ordinance. No other portion of the ordinance could possibly be construed as allowing the issuance of a special permit in a case such as this. It cannot be presumed that the city council intended to violate its own ordinance by granting this permit. Thus we have only to consider whether the section of ordinance in question authorized a special permit under the circumstances of this particular case, and whether or not it is valid.

Respondent has given scant consideration to the problem of the effect of the last quoted section of the zoning ordinance. It is merely asserted that although "the city council may change the provisions of the ordinance, * * * it cannot give a person a permit to violate them." That assertion has already been answered, at least by implication. Section 20, in providing for the issuance of permits in the special cases which fall within its provisions, is necessarily a limitation on any and all other provisions of the zoning ordinance. If the issuing to defendant of a permit was proper under § 20, considered in light of § 3, there obviously is no violation of § 3 or any other provision of the zoning ordinance. The mandate of a statute or ordinance does not extend to a particular case which falls within a duly enacted exception to that law.

The purpose of § 20 in authorizing the issuance of permits in specific cases is to provide a method by which it may be possible to prevent the ordinance from becoming arbitrary and unreasonable in its application. The particular subdivision concerned herein allows the council to issue such permits "where practical difficulties or unnecessary hardships occur." The city council within its sound discretion has the power to determine what particular cases fall within this category. Its decision thereon cannot be reversed in the absence of abuse of discretion. Compare State v. Dirnberger, 152 Minn. 44, 187 N. W. 972; State ex rel. Rose Bros. Lbr. & Supply Co. v. Clousing, 198 Minn. 35, 268 N. W. 844.

We are unable to say that the issuance to defendant of a special permit was an abuse of the defined discretion of the city council. The undisputed facts are that no large quantities of gasolene or lubricating oil are kept on the premises, nor is there any storage of automobiles for hire. Defendant stores only his own automobile in the garage. He carries on no advertising, and he exhibits no signs on the premises. The building in question is a two-car garage. From the outside it has the appearance of an ordinary private garage. It is situated bordering the alley at the rear of defendant's home, which faces the avenue. The premises in question are very near a commercial district in which all businesses of a nature similar to defendant's are permitted. In the light of these

uncontroverted facts and considering that there is no showing on the part of the respondent that defendant's circumstances did not warrant the council's action, we are compelled to conclude that there is no basis for holding that the issuance of a special permit in this case was improper under § 20 of the Minneapolis zoning ordinance.

Provisions for variations in the application of zoning ordinances similar to § 20(8) of the Minneapolis ordinance are not uncommon. Usually the discretion to be exercised under such provision is given to a board of zoning appeals which passes on the petition in each case. These provisions have been held constitutional as against the attack that they unlawfully delegate legislative power, in the following cases: Inspector of Buildings v. Stoklosa, 250 Mass. 52, 145 N. E. 262; In re Dawson, 136 Okl. 113, 277 P. 226; R. B. Construction Co. v. Jackson, 152 Md. 671, 137 A. 278; St. Basil's Church v. Kerner, 125 Misc. 526, 211 N. Y. S. 470; Spencer-Sturla Co. v. City of Memphis, 155 Tenn. 70, 290 S. W. 608; L. & M. Investment Co. v. Cutler, 125 Ohio St. 12, 180 N. E. 379, 383, 86 A. L. R. 707; McCord v. Ed Bond & Condon Co. 175 Ga. 667, 165 S. E. 590, 86 A. L. R. 703. As stated in L. & M. Investment Co. v. Cutler [125 Ohio St. 21]:

"Manifestly the legislative body cannot fix any adequate standard or rule that would fit every individual case of hardship. That is impossible; and therefore the legislative body has confined the determination of that feature to an administrative agency— * * * as a fact-finding body which could determine whether in any specific case unusual hardships might result if the strict letter of the ordinance were complied with."

The fact that under the Minneapolis ordinance the power of discretion in cases of variations is vested in the city council is obviously not a factor requiring a contrary conclusion in this case.

The judgment is reversed.