FREEMAN et al. v. BOARD OF ADJUST-
MENT OF CITY OF SAN ANTONIO
et al.

No. 12087.

Court of Civil Appeals of Texas.
San Antonio.

April 26, 1950.

Rehearing Denied May 24, 1950.

L. J. Gittinger, San Antonio, William C. Davis, San Antonio, for appellants.

Austin F. Anderson, Hugh R. Robertson, Schlesinger, Goodstein & Semaan, all of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment of the district court affirming the action of the Board of Adjustment of the City of San Antonio in allowing appellee Oscar M. Morales to erect an addition to his existing building along an eleven-foot set-back line so that the front of the addition will be on a line with the front of the original building. Appellee's lot is located in a "J. Commercial District," and the San Antonio Zoning Ordinance provides that in said districts "there shall be a front yard of not less than fifteen feet to the front line of the building."

Chief Justice Hickman in the case of City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67, considered the applicable procedure relating to suits in the district court brought for the purpose of setting aside or modifying an order of the Board of Adjustment. Other than referring to this case, we need only state that the district court is authorized to set aside or modify an order of the Board of Adjustment when it appears that (a) the Board was without legal authority to enact the order complained of, or that (b) the

action of the Board in adopting the order was fraudulent or arbitrary and constituted an abuse of discretion.

■ The Board of Adjustment possesses the legal authority to authorize a variance from a set back line. The Zoning Ordinance of the City of San Antonio provides that, "The Board of Adjustment shall have the following powers: * * *

"To authorize upon appeals in specific cases such variance from the terms of this ordinance as will not be contrary to the public interest where, owing to special conditions a literal enforcement of the provisions of this ordinance will result in unnecessary hardships, and so that the spirit of this ordinance shall be observed and substantial justice done."

The wording of the ordinance is derived from the language of the Zoning Enabling Act. Acts 1927, 40th Leg., p. 424, ch. 283, Articles 1011a–1011k, Vernon's Ann.Civ. Stats., loc. cit., Article 1011g, § 3. See L. & M. Investment Company v. Cutler, 125 Ohio St. 12, 180 N.E. 379, 86 A.L.R. 707; Willoughby v. Tafel, 300 Ky. 792, 190 S.W. 2d 475.

The action of the Board of Adjustment in permitting the variance can not be classified as arbitrary. Before the order was adopted, the members of the Board made an inspection of the area and premises involved. Testimony detailing the results of this inspection appears in the record. See Annotation, 168 A.L.R. 13, loc. cit. 113. A similar inspection was also made by Milton J. Landry, the building inspector of the City of San Antonio. Mr. Landry's testimony, which he gave at the hearing before the Board of Adjustment and upon the trial in the district court, was to the effect that Morales, the appellee, was operating a grocery store in a building which had been constructed prior to 1938, when the zoning ordinance was enacted; that the set back from the property line of this building was eleven feet; that Morales sought a permit to build an addition to his existing structure in which to house a barber shop and drug store and wished to make the front of the addition even with the front of the old building. Mr. Landry stated that *"there is no building in that block* (where the Morales Grocery Store is located) *that sets back fully fifteen feet,* so far as I am able to determine."

The testimony of the members of the Board of Adjustment as to the results of their personal inspection substantiates Mr. Landry's statements as to the actual conditions upon the ground.

It therefore appears that in the particular block here involved practically all of the buildings were situated less than fifteen feet back of the property line. From their inspection of the property and the evidence before them, the members of the Board of Adjustment could properly conclude that the enforcing of the fifteen foot set back in this case would result in unnecessary hardship to Morales.

The trial court's judgment is affirmed.