Weygandt, C. J.
The relator and respondents have agreed and stipulated that if the questioned section of the zoning ordinance is unconstitutional and invalid, it is their mandatory duty as public officials to issue the requested variance permit and allow the construction of the gasoline station by the relator on its property.
Amended section 6 (f) of ordinance No. 1384 of the city of Parma reads as follows:
“Section 6. Within any retail business district, no building or premises shall be erected, used, arranged or designed to be used in whole or in part for other than one or more of-the following specified uses:
(C * & *
“(f) Variance permit. The following uses are permitted in a retail business district only in accordance with the provisions of a variance permit issued by the Board of Appeals after proper notice to directly affected property owners or their agents:
“ (1) Gasoline and oil filling station.”
It is agreed that the legislative branch of government may confer on an administrative officer or body certain discretion in order to carry out the policy of the law in specific cases, provided the legislative enactment defines the policy of the law and contains sufficient criteria and standards to guide the administrative officer or tribunal in the exercise of its limited discretion. If the legislative enactment fails to define the policy of the law or does not contain *471 sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it, such enactment is invalid.
The relator contends that not only does the questioned section of the ordinance not contain sufficient criteria and standards but it provides none at all.
A careful study of the entire section of the ordinance discloses that this view is correct. The sole provision is that the use of property for a gasoline and oil filling station in a retail business district is allowed only in accordance with the “provisions of a variance permit issued by the Board of Appeals after proper notice.” Clearly this language invests the Board of Appeals with absolute and uncontrolled discretion to determine which property owners may or may not employ their property for this valuable use. Thus the Board of Appeals may act on capricious rules of its own or it may act without any rules whatsoever. That this is in violation of the settled prohibition against the delegation of legislative power is cogently stated by Ranney, J., on page 88 of his opinion in the case of Cincinnati, Wilmington & Zanesville Rd. Co. v. Commissioners of Clinton County, 1 Ohio St., 77, as follows:
“The true distinction, therefore, is, between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first can not be done; to the latter no valid objection can be made.”
In 9 McQuillin on Municipal Corporations (3 Ed.), 484, Section 26.203, appears the following pertinent restatement of the fundamental principle here involved : ■
“Administrative power and discretion may be and usually are vested in designated departments, boards *472 or officials or in the municipal legislative body itself to grant, deny or revoke building permits. However, the authority vested in them can not be a power of arbitrary decision in each case, uncontrolled by any general rule. In other words, the discretion must be made subject to a standard or rule to operate uniformly in all cases. An ordinance conferring upon officials unrestricted discretion in the granting or refusal of building permits is a denial both of equal protection and due process of law. Certainly, an ordinance conferring arbitrary and despotic power in this respect is void. Indeed, an ordinance can not commit to the municipal legislative body itself, any more than to administrative officials, uncontrolled discretion as to permits for the erection of buildings and structures. Nor does charter power to regulate the granting of permits authorize the delegation to an officer or committe of power to make restrictions and regulations.”
In paragraph two of the syllabus in the case of Northern Boiler Co. v. David, 157 Ohio St., 564, 106 N. E. (2d), 620, this court unanimously held:
‘ ‘ 2. An ordinance, which provides that ‘ except as to residential property no permit shall be granted by the director of public service to cut the curb * * * unless and until written notice * * * has been given to the member of council from such ward’ and ‘if # * * such member of council shall notify said director in writing of his objection to the issuance of such permit, such permit shall not be issued except pursuant to resolution of council, ’ constitutes a delegation of legislative power and is unconstitutional and void.”
And in paragraph three of the syllabus in the recent decision of this court in the case of Cassell v. Lexington Township Board of Zoning Appeals, ante, 340, it was held:
“The refusal by a zoning commission or a board of zoning appeals to issue a building permit because of *473 the cost and nature of a proposed dwelling, inadequate lot size and depressing of property values, is arbitrary and unreasonable, where the zoning resolutions under which the commission or board purports to act do not specify any regulation as to such items.”
The rule is well summarized in the following statement in 37 American Jurisprudence, 778, Section 160:
“In accordance with settled principles that no American legislative body can constitutionally and validly delegate to administrative officers an exercise of discretionary power which is arbitrary, it is established that any municipal ordinance which vests an arbitrary discretion in public administrative officials with reference to the rights, property, or business of individuals, without prescribing a uniform rule of action, making the enjoyment of such rights depend upon arbitrary choice of the officers without reference to all persons of the class to which the ordinance is intended to be applicable, and without furnishing any definite standard for the control of the officers, is unconstitutional, void, and beyond the powers of a municipality. With specific reference to property, the courts have often stated that if an ordinance upon its face restricts the right of dominion, which the owner might otherwise exercise without question, not according to any uniform rule, but so as to make the absolute enjoyment of Ms own property depend upon the arbitrary will of the municipal authorities, it is invalid, because it fails to furnish a uniform rule of action and leaves the right of property subject to the will of such authorities, who may exercise it so as to give exclusive profits or privileges to particular persons.”
Inasmuch as the questioned section of the ordinance fails to provide standards or criteria for the guidance of the Board of Appeals and the protection of the citizens of Parma, it therefore fails to meet the test of constitutionality and must be held invalid.
*474 In its original brief the relator merely mentions the case of L. & M. Investment Co. v. Cutler, 125 Ohio St., 12, 180 N. E., 379, 86 A. L. R., 707. In their briefs the respondents make no reference to it.
Their reason for considering that decision as unimportant here is not far to seek. In the first place that case was in this court on review while the instant case is an original action here. Twice in the opinion in the Cutler case it is emphasized that the court was without the advantage of a bill of exceptions and hence was uninformed as to the evidence. Second, while some of the language in that zoning ordinance was the same as here, the provisions directly involved were different. Here counsel have stipulated that the controlling provision is section 6 (f) of the ordinance. Its only terms are that gasoline and oil filling stations “are permitted in a retail business district only in accordance with the provisions of a variance permit issued by the Board of Appeals after proper notice to directly affected property owners or their agents.” In the Cutler case the ordinance provided a specific standard to the effect that the building, which was in a residence zone, should not be within 30 feet of the lot line. The Board of Appeals granted a permit and carefully stated several sound reasons therefor. Then the plaintiff sought an injunction to prevent use of the permit. The trial court allowed the injunction but the Court of Appeals and this court held that that zoning ordinance provided sufficient criteria to escape invalidity.
Furthermore, the provisions involved in the instant case are unconstitutional not only in their terms but in their application by the respondents, as shown by the numerous instances in which competitors of the relator have been granted permits while the relator met with a denial. The extent of this arbitrary action is shown by the fact that one applicant was given per *475 mits for the construction of two gasoline stations in the neighborhood, and it is stipulated that'the nearby churches and schools are a distance of 335 feet to 2,244 feet from the relator’s property.
Since the parties have agreed and stipulated that if the questioned section of the ordinance is invalid there is a clear mandatory duty to issue the requested permit and since the validity of an ordinance of their municipality is of public and general interest to the citizens of Parma, the controversy presents a typical situation for use of the remedy of a writ of mandamus, which, under the common law as restated by Section 2731.01, Revised Code, commands the performance of an act specially enjoined by law as a duty resulting from an office, trust or station. Injunction would not serve the purpose here. In contrast it is a remedy in equity, while mandamus is a remedy at law; and it is, of course, fundamental that equity may not be employed when there is an adequate remedy at law. The primary function of an injunction is to restrain motion and to enforce inaction, while the purpose of mandamus is to set in motion and to compel action. An injunction ordinarily is employed to prevent future injury, while the purpose of mandamus is to redress past grievances. Clearly the latter is called for here.

Writ allowed.

Matthias, Hart and Zimmerman, JJ., concur.
Stewart, Bell and Taft, JJ., dissent.