Taft, J.,
dissenting. In my opinion, this case clearly represents an instance where the Supreme Court, in the exercise of its discretion, should refuse to allow the extraordinary remedy of mandamus.
In State, ex rel. Shively, v. Nicholas, Judge, 151 Ohio St., 179, 181, 84 N. E. (2d), 918, it was said by Chief Justice Weygandt:
“It is * * * elementary that to entitle a relator to a writ of mandamus, the record must disclose affirmatively that there is no plain and adequate remedy in the ordinary course of the law, and in the absence of such showing the writ will be denied.” (Emphasis added.)
See also numerous other decisions of this court to the same effect cited in State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, 162 Ohio St., 302, 310, 311, 123 N. E. (2d), 23.
Section 2727.01 et seq., Revised Code, provides for what the Code classifies as a “special remedy” called “injunction,” and confers jurisdiction upon the Common Pleas Court with respect to that remedy. By Section 2727.01, Revised Code, it is provided in part:
“An injunction is a command to do or refrain from doing a particular act. It may be the final judgment in an action * * *.” (Emphasis added.)
This statute is broad enough to include not only a preventive but a mandatory order in a final judgment. This court has recognized the right to relief by such a mandatory final order. International Union of Steam & Operating Engineers v. Owens, 119 Ohio St., 94, 162 N. E., 386; State, ex rel., v. Carpenter, 51 Ohio St., 83, 37 N. E., 261, 46 Am. St. Rep., 556; Fraternal Mystic Circle v. State, ex rel. Fritter, 61 Ohio St., 628, 632, 48 N. E., 940. This court has held that it *477 may, in the exercise of its discretion, refuse to issue the extraordinary writ of mandamus where there is an adequate equitable remedy by way of injunction. State, ex rel., v. Hahn, 50 Ohio St., 714, 35 N. E., 1052. State, ex rel. Irish, v. Oviatt et al., Commrs., 83 Ohio St., 460, 94 N. E., 1117; State, ex rel. Juhlman, v. Conners, 122 Ohio St., 355, 171 N. E., 589 (unanimous per curiam opinion at page 358: “The writ of mandamus is an extraordinary writ, and will not be issued as a substitute for an existing, adequate, and available remedy in equity or in law.”); State, ex rel. Stine, v. McCaw, 136 Ohio St., 41, 23 N. E. (2d), 631 (paragraph two of syllabus: “Since the Supreme Court does not have original jurisdiction in injunction, mandatory injunctive relief will not be granted by that court through an action in mandamus.”); State, ex rel. Stanley, v. Cook, Supt., 146 Ohio St., 348, 66 N. E. (2d), 207 (paragraph four of syllabus). See State, ex rel. Moyer, v. Baldwin, 77 Ohio St., 532, 546, 83 N. E., 907, 19 L. R. A. (N. S.), 49, pointing out that, under our Constitution, an equitable remedy is a remedy “in the ordinary course of the law.” Cf. 34 American Jurisprudence, 844, Section 51. In such an instance, the Supreme Court may likewise refuse to issue the extraordinary writ of prohibition. State, ex rel. Harrison, a Taxpayer, v. Perry, Coroner, 113 Ohio St., 641, 150 N. E., 78; State, ex rel. MacDiarmid, v. Eastman, Judge, 118 Ohio St., 121, 160 N. E., 626.
Section 2731.05, Revised Code, provides:
“The writ of mandamus must not be issued when there is a plain and adequate remedy [not merely “at law” but] in the ordinary course of the law.” (Emphasis added.)
Of course, this statute cannot limit the jurisdiction of this court in mandamus, because that jurisdiction is conferred upon the court by the Constitution. The *478 jurisdiction in mandamus so conferred upon this court is the common-law jurisdiction as it was exercised in this state in 1851 when first conferred upon the court by the Constitution. State, ex rel. Moyer, v. Baldwin, supra; State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, supra, 306, 307. Therefore, it is probably more accurate to state that the Supreme Court may allow but that it will, in the exercise of its discretion, ordinarily deny a writ of mandamus where there is a plain and adequate remedy in the ordinary course of the law, as there is in the instant case, by reason of Section 2727.01, Revised Code. But see comments by Shauck, J., in Fraternal Mystic Circle v. State, ex rel. Fritter, supra, 633, indicating that the exercise by the Supreme Court of jurisdiction in mandamus, where there is an adequate remedy in the ordinary course of the law, would be a usurpation by the Supreme Court of jurisdiction not conferred upon it.'
In cases, where the adequate remedy in the ordinary course of the law is by way of appeal, lawyers can probably now advise their clients not to seek relief by way of mandamus or even by way of prohibition in the Supreme Court. As to mandamus, see State, ex rel. Shively, v. Nicholas, Judge, supra (paragraph two of syllabus and dissenting opinion, page 184), and, as to prohibition, see State, ex rel. Rhodes, Aud., v. Solether, Judge, 162 Ohio St., 559, 124 N. E. (2d), 411.
On the other hand, where that adequate remedy is other than by appeal, this court has indicated a tendency to “wobble” in recent decisions. Thus, after the unanimous decisions in State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, 161 Ohio St., 555, 120 N. E. (2d), 421, and State, ex rel. D. L. Auld Co., Inc., v. Morse, et al., Industrial Commission, 161 Ohio St., 561, 120 N. E. (2d), 424, about a year ago, two of the judges who concurred therein dissented in *479 State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, supra, and the majority opinion in that case does not base the denial of the writ solely on the availability of an adequate remedy in the ordinary course of the law, although the words of paragraph two of the syllabus require such a conclusion. Also, the instant case evades the existence of an adequate remedy in the ordinary course of the law (not merely a remedy at law that might not include an equitable though statutory remedy), which was urged as a reason for denying the extraordinary remedy of mandamus.
Most litigants and their lawyers would probably prefer to have their cases heard in the first instance by the Supreme Court. Decisions, like that in the instant case, encourage them to try to get such a hearing. However, because of the doubt as to how this court will exercise its discretion in a particular case, decisions of this kind can only increase the difficulties which lawyers have in properly advising their clients.
As observed by William, J., in State, ex rel., v. Carpenter, supra, 89:
“Mandamus is not well adapted to the trial of questions of fact, or the determination of controversies of a strictly private nature.”
The instant case is a good example of the unnecessary dangers involved in the issuance of the extraordinary writ of mandamus in an original action in this court where the relator has an adequate remedy in the ordinary course of the law, whether that remedy is a legal, statutory or equitable remedy. Since the case has not been previously considered by a Common Pleas Court or a Court of Appeals, this court does not have the benefit of the views which might have been expressed by those courts in deciding the case. Also, counsel have not had as much incentive or opportunity to study and brief the questions of law involved as they *480 would have had if there had been a trial in the Common Pleas Court and a hearing in the Court of Appeals. As a result, and perhaps because this case involves merely the issuance of a permit for a gasoline station on a single lot in a relatively small city, the only Ohio case relied upon by respondents in support of the validity of the questioned provisions of the Parma ordinance was State, ex rel. Standard Oil Co., v. Combs, Dir., 129 Ohio St., 251, 194 N. E., 875. That case may possibly be distinguishable. However, the syllabus and decision of this court in L. & M. Investment Co. v. Cutler, 125 Ohio St., 12, 180 N. E., 379, 86 A. L. R., 707, which was casually cited by relator but not described or discussed and which was not even mentioned or cited in respondents’ brief, would apparently require a different conclusion from that reached by this court in the instant case. See also 58 American Jurisprudence, 1057, Section 216. Quite probably, either the Common Pleas Court or the Court of Appeals, by exercising reasonable diligence in the consideration of the questions raised in the instant case, would have referred to the title “Zoning Laws” in Ohio Jurisprudence, and would have found and considered the significance of that decision of this court and would also have considered the A. L. R. annotations on the problem to which that decision leads. Thus, by exercising its discretion to deny the extraordinary remedy of mandamus on the ground that relator has an adequate remedy in the ordinary course of the law, this court in the instant case would have minimized and reduced the danger of its inadvertently rendering a decision which is in effect, at least on the facts disclosed by the record, inconsistent with one of its prior decisions.
In addition to the portion of the zoning .ordinance quoted in the majority opinion and providing that a gasoline and oil filling station is “ permitted in a re *481 tail business district only in accordance with the provisions of a variance permit issued by the Board of Appeals,” the record discloses that the comprehensive zoning ordinance of Parma contains the following provisions:
“Section 24 # * *
“(b) Where'there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the Board of Appeals shall have the power in a specific case to vary the application of any such provision in harmony with the general purpose and intent of the ordinance so that the public health, safety, morals and general welfare may be secured and substantial justice done.
“ Variation in specific cases of practical difficulty or unnecessary hardship, in addition to other proper variations, shall include the following:
“Use
< C * * *
“4. Permit in any district, such modification of the requirements of this ordinance as said board may deem necessary to secure an appropriate development of a lot where adjacent to such lot there are buildings or uses that do not conform to the regulations of this ordinance.
i 6 *¡ «c #
‘ ‘ General
“Purpose-Interpretation
“Section 25. In interpreting and applying the provisions of this ordinance they shall be held to be the minimum requirements for the promotion of the. public health, safety, morals or general welfare.” (Emphasis added.)
The minutes of the meeting of the Board of Appeals, at which relator’s application was considered, summarize objections raised by those who had been *482 notified of the meeting and contain the following with respect to the action of the board relative to that application:
“1. The appeal * * * to erect a gas station * * *. Mr. Biskup [board member] feels because of public health and safety, as well as hazards to children because of the U. B. Church, where classes meet — State Road School and St. Francis DeSales School, the permit should not be granted.
‘ ‘ Mr. Biskup made a motion, seconded by Mr. Matty, that it is necessary, in the interest of public health and safety to uphold the building commissioner and the permit be refused because of the existing schools and churches in the immediate area effected by traffic.
“Yeas — Mr. Biskup — Mr. Matty — Mr. Rau.
“Noes — None—motion carried.”
In my opinion, paragraph two of the syllabus and the decision in L. & M. Investment Co. v. Cutler, supra, clearly require a conclusion contrary to that reached in the instant case. The criteria and standards, provided in the Parma ordinance for the guidance of the Board of Appeals with respect to variances, are even more specific and definite than those approved by this court in the L. & M. case.