Per Curiam.

Section 3 of the zoning ordinance, titled “Classification of Uses,” provides for class Ul uses, single-family dwellings; class U2 uses, two-family dwellings; and class U3 uses, apartment houses, community center building, hotel, church, library, hospital or sanitarium, etc.
Section 6 provides: “In a class U3 district, no building or premises shall be used and no building shall be erected which is arranged, intended or designed to be used except for class Ul, U2 or U3 use.”
Section 7, titled “Accessory Uses in Residence Districts,” provides in part: “An accessory use customarily incident to a class Ul, U2, or U3 use shall also be permitted in respectively, a class Ul, IT2 or U3 district, provided such accessory use is located upon the same lot with the building or use to which it is accessory. # * * A store, trade or business shall not be permitted as an accessory use except that the office of a physician, surgeon, dentist or musician, may be located in the dwelling or apartment used by such physician * * * as his private residence * *
Section 11, titled “Use District Exceptions,” provides in part:
“(1) The City Planning and Zoning Commission may in the event of property being allotted which is undeveloped, and in other specific cases, after public notice and hearing and subject to such conditions and safeguards as the City Planning and Zoning Commission may establish, determine and interpret the application of the use district regulations herein established, which permission shall be confirmed by resolution of the council before becoming effective as follows:
“ (a) Permit the extension of a building or use into a more restricted district immediately adjacent thereto but not more *274 than fifty (50) feet beyond the boundary line of the district in which such building or use is authorized.
i i * m *
“(c) Permit in a use district any use deemed by the City Planning and Zoning Commission in general keeping with the uses authorized in such district. ’ ’
Plaintiff contends that the type of use contemplated by Herrick is not permitted under the ordinance, and that the allowance of such use would be without authority and a gross abuse of discretion on the part of the Planning and Zoning Commission.
Defendants contend that the contemplated use is included under the term, “hospital,” as used in section 3 of the ordinance, or is permitted under paragraph (c) of section 11, above quoted.
It is not necessary to determine whether the term, “hospital,” as used in the ordinance, includes a physicians’ office or medical building. Under section 11 of the ordinance the commission is given authority to “establish, determine and interpret the application of the use district regulations herein established” to permit in a use district any use deemed to be “in general keeping with the uses authorized in such district,” subject to confirmation by resolution of city council. This delegation of power by the municipality is authorized by Section 713.11, Bevised Code, and is not a delegation of legislative authority. L. & M. Investment Co. v. Cutler, 125 Ohio St., 12, 180 N. E., 379, 86 A. L. R., 707.
Since a single office of a physician, with certain restrictions, and a hospital are permitted in a U3 zone, the commission did not abuse its discretion in determining that a physicians’ office building is a use “in general keeping with the uses authorized in such district.” The discretion of an administrative agency, in the absence of an abuse thereof, will not be interfered with by the courts. State, ex rel. Shafer, v. Ohio Turnpike Commission, 159 Ohio St., 581, 113 N. E. (2d), 14.
It is contended further that the permitting of a parking lot for 14 automobiles to extend 50 feet into the U1 zone is contrary to the ordinance. This extension of a use into the adjoining zone may be permitted pursuant to paragraph (1) (a) *275 of section 11, above quoted. This parking space for use of patients of physicians having offices in the building is merely an incidental or accessory use, is permitted by the ordinance, and is not a commercial parking lot.
For the reasons above stated, the judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendants.

Judgment reversed.

Wetgandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.